Slaughter *et al. v.* The State, *ex rel.* Mitchell, Auditor.

No. 15,830.

## SLAUGHTER ET AL. *v.* THE STATE, EX REL. MITCHELL, AUDITOR.

MORTGAGE.—*School Fund.*—*Satisfaction of by Auditor Without Payment to Treasurer.*—*Purchaser in Good Faith.*—Where the amount due on a school fund mortgage was paid to the county auditor, who appropriated the same to his own use, and never paid any part of the same into the treasury of the county, a purchaser, in good faith, of the land, who paid full value therefor without any knowledge whatever that the loan had not in fact been paid, had a right to rely upon the satisfaction of said mortgage as it appeared in the recorder's office, without an examination of the offices of the treasurer and auditor. Finding the school fund mortgage satisfied by the proper county officers, the only persons who could satisfy the same, the purchaser had the right to presume, without looking further, that the county auditor had proceeded regularly, and that the mortgage debt had in fact been paid to the county treasurer before said satisfaction was entered.

PUBLIC OFFICERS.—*Acting Within Scope of Duty.*—*State Bound Thereby.*— The State, as well as municipal corporations, is bound by the acts of its officers, when they act within the scope of their authority.

From the Hancock Circuit Court.

*W. R. Hough,* for appellants.

*E. Marsh* and *W. M. Cook,* for appellee.

COFFEY, J.—The material facts in this case, as they appear by the special findings of the circuit court, are that, on the 15th day of March, 1882, Francis M. Jackson borrowed of the auditor of Hancock county the sum of three hundred dollars of the school funds of the State, and executed his note therefor. On the same day he and his wife executed a mortgage upon the land in controversy to secure the payment of the note, which mortgage was duly recorded. The land was subsequently conveyed, until William R. Blakely became the owner of the same, and while such owner, on the 26th day of March, 1885, he paid to the auditor of Hancock county the full amount due on the note and mortgage. The

auditor thereupon endorsed on the mortgage his certificate that the mortgage had been fully paid and satisfied, and signed and attested such certificate, attached the seal of his office thereto, and surrendered the note and mortgage to Blakely. Blakely caused the certificate of satisfaction to be duly and properly entered of record by the recorder of the county on the record of said mortgage in his office. On the day of such payment the auditor also entered on the register of loans kept by him as such auditor, in his office, a statement that the loan in question was fully paid and satisfied. The appellant Slaughter subsequently purchased the land, relying on the record that the school fund mortgage had been paid and satisfied, and in good faith paid full value therefor without any knowledge whatever that the loan had not, in fact, been paid. The auditor appropriated the money to his own use, and never paid any part of the same into the treasury of the county.

It is conceded by the appellant that the loan was never in fact paid; while, on the other hand, it is conceded by the appellee that the appellant is a purchaser in good faith, without any actual knowledge of the fact that such loan had not been paid.

This being a suit to foreclose the school fund mortgage, the question presented for our consideration and decision relates to the right of the appellant to hold the land in controversy discharged of and free from the mortgage lien.

Section 4388, R. S. 1881, provides that "All loans refunded and all interest shall be paid to the county treasurer, and his receipt shall be filed with the county auditor, who shall give the payer a quietus therefor, and make proper entries."

Section 4389 provides that "Whenever the amount due on any mortgage shall be paid, and the treasurer's receipt therefor filed, the auditor shall indorse on the note and mortgage that the same has been fully satisfied, and surrender the same to the person entitled thereto ; and, on production of

the same thus indorsed, the recorder shall enter satisfaction upon the record."

It is contended by the appellee that the auditor had no power to enter the mortgage satisfied until the money was actually paid to the county treasurer and his receipt therefor filed with such auditor, and that an entry of satisfaction without the existence of such payment and receipt was a nullity, and was the same as a forgery.

It is further contended that the office of the county treasurer and the office of the county auditor are public offices, and that an examination of such offices would have disclosed the fact that the mortgage had not, in fact, been paid, and inasmuch as the appellant did not examine these offices he was guilty of negligence, and should not be protected.

We think the entry of satisfaction by the auditor of Hancock county upon the school fund mortgage in question stands upon a different footing from a forged entry. A forged entry would be without any authority whatever, while the entry under consideration is genuine, and made by an officer having authority to make it. The statute above set out expressly confers such authority upon the county auditor.

It is true that the entry of satisfaction before the payment of the money to treasurer was wrongful, but inasmuch as the auditor had the money in his hands ready to hand over to the treasurer, there was no want of authority. There being present in the county auditor the power to satisfy the school fund mortgage, the question arises as to whether the appellant had the right to rely upon such satisfaction as it appeared in the recorder's office without an examination of the offices of the treasurer and auditor. As a rule the evidence of title and of recorded liens is to be found in the county recorder's office. Judgments rendered in court constitute one exception to the rule.

By reason of the statute, which declares that school fund mortgages shall be deemed recorded from the date of their execution, they seem to constitute another exception. *Dem-*

*ing* v. *State, ex rel.,* 23 Ind. 416 ; *Stockwell* v. *State, ex rel.,* 101 Ind. 1.

The satisfaction entered by the auditor upon the mortgage was properly recorded by the county recorder, and an examination of records in his office disclosed an unincumbered title to the land in dispute.

We think the appellant had the right to rely upon such records. The general rule is that a public officer is presumed to have done his duty, and until the contrary is shown he is presumed to have acted rightfully. Mechem Public Offices and Officers, sections 579–677.

This author says : " The law constantly presumes that public officers charged with the performance of official duty have not neglected the same, but have performed it at the proper time and in the proper manner." Section 579, *supra.*

Finding the school fund mortgage satisfied by the proper county officers, the only persons who could satisfy the same, we think the appellant had the right to presume, without looking further, that the county auditor had proceeded regularly, and that the mortgage debt had in fact been paid to the county treasurer before such satisfaction was entered.

The county auditor, in the most solemn manner, attested by the seal of his office, had published to the world that the debt was paid, and the appellant, in our opinion, was under no more obligation to make further inquiry than he would have been had the mortgage debt been payable to a private individual who had entered the mortgage satisfied. The county auditor was the agent of State, clothed with power to make such satisfaction, and the State, we think, is bound by his acts. The general rule is that the State, as well as municipal corporations, is bound by the acts of its officers when they act within the scope of their authority. Dillon Municipal Corporations, note pages 321, 322 ; Mechem Public Offices and Officers, section 842 ; *Martel* v. *City of East St. Louis,* 94 Ill. 67 ; *Roby* v. *City of Chicago,* 64 Ill. 447 ; *Board, etc.,* v. *City of Lincoln,* 81 Ill. 156 ; 2 Herman Estoppel and

Res Adjudicata, 1264 ; Bigelow Estoppel (5th ed.), 598 ; *Curnen* v. *Mayor, etc.*, 79 N. Y. 511 ; *O'Leary* v. *Board, etc.*, 93 N. Y. 1 ; *People* v. *Stephens*, 71 N. Y. 527.

In our opinion, under the facts found by the court, the appellant Slaughter took the land in dispute freed from the lien of the school fund mortgage in suit.

We may remark, in passing, that this is not a question of loss to the common school fund. If the State is unable to collect the funds from the mortgagors the law makes it the duty of Hancock county to refund the amount lost by the act of its unworthy county auditor.

Judgment reversed, with directions to the circuit court to restate its conclusions of law, and to render judgment thereon in favor of the appellant, Samuel B. Slaughter.

Filed Oct. 12, 1892.