No. 1,031.

PHILLIPS *v*. JOLLISAINT.

PLEADING.—*Sufficiency of.—Construction of.—Street Improvement.—Appeal from Precept.—Complaint.*—A contractor who had, upon contract with the city, improved a certain street, made affidavit and obtained a precept for the collection of a certain assessment for the improvement, and the party so affected appealed from the precept to the circuit court. In the circuit court, the transcript of the proceedings appealed from constituted the complaint, and should not be construed with rigid strictness against the contractor, and will stand, unless there is some defect in it which affects the substantial rights of the party objecting to it.

STREETS AND ALLEYS.—*Assessments for Improvements.—Manner of Collecting.—Precept.—Statute Construed.*—The act of 1889 relating to the manner of collecting assessments for street improvements, does not affect such remedies as had attached to accrued liabilities previous to the taking effect of such act.

From the Floyd Circuit Court.

*J. V. Kelso* and *C. D. Kelso*, for appellant.

*W. W. Tuley, J. Herter, C. L. Jewett* and *H. E. Jewett*, for appellee.

GAVIN, C. J.—On the 24th day of December, 1888, the city of New Albany entered into a contract with the appellee for the grading and improvement of a portion of Thirteenth street in that city, according to certain specifications, at a fixed price. During the progress of the work, several estimates and assessments were made against the property of the appellant, abutting on the street, but none of them were paid. Upon the completion of the work, a final estimate was made, and the property of the appellant was assessed with its proportion of the cost of the improvement. The appellee having sued out a precept for the collection of the amount due on the assessment, the appellant appealed to the Floyd Circuit Court, where the cause was tried by a jury,

resulting in a verdict against him, upon which the court, over a motion for a new trial, rendered judgment.

The assignment of errors calls in question the sufficiency of the complaint.

No other question is presented for our consideration.

In this class of cases, the transcript certified to the circuit court constitutes the complaint. It should not be construed with rigid strictness against the contractor, and will stand unless there is some defect in it which affects the substantial rights of the party objecting to it. *Reeves* v. *Grottendick*, 131 Ind. 107.

It is contended, by the appellant, that it affirmatively appears by the complaint that the appellee did not comply with his contract, and that for this reason the complaint is bad.

This contention is based upon certain language used in the report of a committee to whom was referred the final estimate. This committee recommended that the estimate be allowed, but stated, generally, that the appellee did not follow the specifications strictly in every particular. In what respect he departed from them, we are not informed; but, as the committee recommended the allowance, it is fair to presume that the departure was in an immaterial matter, and did not in anywise injure the property owners or lessen the value of the work. But, in his affidavit for a precept, the appellee swears that he fully complied with his contract with the city. The question for trial in the circuit court related to the compliance or noncompliance of the appellee with his contract. We would not feel at liberty, therefore, to hold the complaint bad and turn the appellee out of court without a hearing, simply upon the statement of the committee to the effect that he had not followed strictly the specifications under which he had agreed to do the work

of improving the street in front of the appellant's property.

It is further contended, by the appellant, that it affirmatively appears that the final estimate was made by the city engineer after his term of office expired, but in this we think the appellant is in error. We have been unable to find anything in the record from which such an inference necessarily follows.

Finally it is contended, by the appellant, that the act of March 8, 1889 (Acts 1889, p. 237) repeals all former acts upon the subject of collecting assessments for street improvements, and that for this reason the appellee mistook his remedy when he undertook to collect the amount due him by precept.

We can not agree with appellant's conclusion upon this subject. Even if the act of 1889 may have operated to repeal the body of the act under which this work was performed, still appellee would not thereby lose his remedy for the work performed under his contract, but he was, on the contrary, entitled to proceed to collect whatever sum might be justly due him thereon. It is not the policy of our law to attempt to take away, by legislative enactment, rights which have already accrued.

Section 248, R. S. 1881, provides: "And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

In *Crowell* v. *Jaqua*, 114 Ind. 246, where it was claimed a right to collect a street assessment was lost by the implied repeal of the statute in which no saving clause was contained, Judge NIBLACK said, of the later statute: "It

therefore, impliedly superseded and repealed the main body of such section 3163; saving only contracts entered into before the passage of the act.''

In *Palmer* v. *Stumph*, 29 Ind. 329, it was held that where a contract for street improvement had been made and precept issued, ''his rights under the contract were vested, and the Legislature could not deprive him of them.''

Our view, as to the effect of the repeal of the statute upon appellee's rights, and the effect of the general saving statute, is sustained by *Koons* v. *Cluggish*, 34 N. E. Rep. 651; *Daggy, Trustee, etc.,* v. *Ball*, 7 Ind. App. 64; *Creighton* v. *Pragg*, 21 Cal. 115; *Harris* v. *Town of Townshend*, 56 Vt. 716; *Wilson* v. *Herbert*, 41 N. J. L. 454; *State* v. *Boyle*, 10 Kan. 113; *Steamship Co.* v. *Joliffe*, 2 Wall. 450; Sutherland on Statutory Const., section 164.

Our conclusion, therefore, is that the complaint was sufficient.

Judgment affirmed.

Filed June 24, 1893.

## On Petition for a Rehearing.

Gavin, C. J.—Appellant has filed a petition for rehearing, urging that the court was in error in saying that the record does not show the final estimate to have been made by the city engineer after his term had expired.

Counsel, in their consideration of the record, overlooked a portion of it. On pages 17 and 18 of the record, it appears that the final estimate was reported to council by the engineer and referred to a committee on May 6. On the same day, the remonstrance of appellant was also referred to this committee, which, on June 3d, made report to council concurring in the estimate.

It is true that the entry of June 17th contains a state-

ment which, if considered alone, would sustain appellant's claim. Taking the record altogether, however, we think it clear that the final estimate was reported to council before the expiration of the engineer's term.

The petition for rehearing is accordingly overruled.

Filed Sept. 28, 1893.