No. 16,500.

## BRUCE, TREASURER, *v.* COOK ET AL.

STATUTE REPEALED.—*Liability Accrued Under.*—*Effect on.*—*Right of Action.*—Where a statute under which a liability has accrued has been repealed, and the repealing act does not provide for the extinguishment of such liability, the statute repealed will be treated as still remaining in force for the purpose of sustaining any proper action for the enforcement of such liability, under section 248, R. S. 1881.

From the Fulton Circuit Court.

*E. Myers, G. W. Holman* and *R. C. Stephenson,* for appellant.

*P. M. Buchanan* and *I. Conner,* for appellees.

HACKNEY, J.—This appeal presents, by the consolidation of a number of cases in the lower court, the right of the appellees severally to enjoin the enforcement by the appellant, as treasurer of Fulton county, of certain assessments for repairs upon a public ditch, made under the act of April 6th, 1885, Elliott's Supp., section 1193.

The same questions are presented by the pleadings in each of said cases.

The complaint alleged, that the ditch was regularly established by the board of county commissioners, on the 9th day of June, 1880; that certain allotments thereof were not constructed according to the plans and specifications; that in 1888 one Stinson, then surveyor of said county, pretending to act under said act of 1885, proceeded in repairing said ditch, and in doing so cleaned those portions that had been dug under the order of the commissioners, and dug and constructed those portions which, under said order, had not been constructed; that he omitted to clean portions of said ditch, and thereafter refused to complete the same.

It is further alleged that in September, 1889, one

Isaac Walker, a private citizen of said county, without legal authority so to do, did make the assessments complained of, and that he certified the same to the auditor, who has placed them on the tax duplicate, and that the appellant threatens to collect the same.

The second and partial answer to this complaint was that Walker made said assessments as deputy surveyor of said county, under appointment of the board of commissioners, made by the authority of section 5952, R. S. 1881, and section 240, R. S. 1881, subd. 11.

The second paragraph of reply to this partial answer was that the repairs complained of had been made in September, October, and November, 1888, and under section 10 of said act of 1885 (section 1193, Elliott's Supp.), which section had been repealed by the act of February 28th, 1889 (Elliott's Supp., section 1202), before the making of said assessments.

The sufficiency of this reply is the only question presented by the assignment of errors. The record presents a curious commingling of the twelve cases tried below; the marginal notes are incomplete and the assignment of errors is not in compliance with the rules of practice, but, as the parties concur in the statement and the theory that the reply properly presents the question as to the effect of said repealing act upon the rights of Fulton county, we look beyond the inaccuracies noted, and pass by the anomaly of a partial answer where the remedy sought must succeed or fail in its entirety, and we give no attention to the failure of the reply to respond to the facts pleaded in the answer.

The county expended a large sum for the repairs made in September, October, and November, 1888, in February thereafter the law authorizing the repairs, directing the assessment, and creating the liability of the benefited land-owners, for the moneys advanced in their behalf,

was repealed without containing a provision expressly saving the county's claim. In September following, the deputy surveyor, the validity of whose appointment as alleged in the answer, is not denied by the reply under consideration, made the assessments claimed to have been invalid.

The question, therefore, is, did such repeal have the effect to extinguish the liability so incurred by the payment of the cost of said repairs? That it did so extinguish said liability, the appellee seeks to establish by the general proposition that a remedy is extinguished by the repeal, without a saving clause, of a statute creating such remedy, and as supporting this proposition are cited: *Marion Tp., etc., Co.* v. *Sleeth*, 53 Ind. 35; *Webb* v. *Brandywine, etc., Turnpike Co.*, 55 Ind. 441; *Board, etc.*, v. *Ruckman*, 57 Ind. 96; *Henderson, Aud.*, v. *State, ex rel.*, 58 Ind. 244; *Bate* v. *Sheets*, 64 Ind. 209; *Marion, etc., Gravel Road Co.* v. *McClure*, 66 Ind. 468; *Searcy* v. *Patriot, etc., Turnpike Co.*, 79 Ind. 274; *Mayne* v. *Board, etc.*, 123 Ind. 132.

In all of these cases, excepting the last, the repealing act was passed prior to July 2d, 1877, and the last case refused to apply the rule. In none of the cases was the act of July 2d, 1877, section 248, R. S. 1881, considered. Its provision is that "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

This provision has been enforced against the contention here made by the appellee, in the cases of *Barren Creek Ditching Co.* v. *Beck*, 99 Ind. 247; *Western Union*

*Tel. Co.* v. *Brown,* 108 Ind. 538, and *State, ex rel.,* v. *Helms,* 136 Ind. 122.

Considering, as we must, that the act of 1885 is still in force for the purpose of sustaining any proper action for the enforcement of the liability of the appellees for the moneys expended by Fulton county for the improvement of their lands, and no other question arising upon the record, the judgment of the lower court can not stand.

Said judgment is, therefore, reversed, with instructions to the circuit court to sustain the appellant's demurrer to the appellees, second paragraph of reply.

Filed Jan. 4, 1894.