Filed Mar. 8, 1894.

———————◆———————

No. 1,267.

CRAWFORD, TRUSTEE, ETC., v. HEDRICK ET AL.

DRAINAGE.—*Contract.*—*Repair of Public Ditch.*—*Right to Enforce Collection of Costs of Repairs.*.—*Subsequent Statute.*—*Constitutional Law.* —*Act of 1889, Act of 1891.*—Where a township trustee entered into a contract for the repair of a public ditch, according to the law of 1889, and before the repairs, under the contract, were completed, the law of 1889 was amended by the act of February 26, 1891, the right to enforce the collection of the costs of repairs against the land owners under the law of 1889 still existed by virtue of section 248, R. S. 1881, and also by the constitutional provision forbidding the passage of any law impairing the obligation of contracts.

From the Warren Circuit Court.

*J. F. Hanly* and *E. Stansbury,* for appellant.

GAVIN, J.—This was an action by the appellant, a township trustee, to collect by foreclosure of an assessment, the cost of repairing and cleaning out certain allotments of a public ditch, in accordance with the provisions of the acts of 1889, p. 53, Elliott's Supp., sections 1202, *et seq.,* section 5632, R. S. 1894.

A demurrer to the complaint was sustained.

We are not favored with a brief on behalf of appellee and are not advised as to the grounds upon which this ruling was based, except in so far as we gather it from appellant's brief.

The complaint alleges a compliance with the require-

ments of the act of 1889 by the county surveyor and the township trustee, and a failure on the part of the landowner to repair his allotments of the ditch, as provided in said act, and that on the 19th day of January, 1891, the trustee entered into a contract with one McAllister for the repair of the ditch, and that McAllister had entered upon the execution of said contract prior to the 26th day of February, 1891; that the repairs were completed during the summer of 1891 according to the specifications.

It further appears from the complaint, that the ditch in question was four or five miles in length, and that the particular allotments involved herein were not completed until after the amendment of 1891. Acts of 1891, p. 47, R. S. 1894, section 5638, which went into force February 26, 1891.

As appears from appellant's brief, a recovery was denied in the court below upon the ground that the amended section superseded and repealed the old one, and thereby carried down with the old section all rights to enforce the expense of these repairs against the land in question. The amended act differs from the old only in the mode of procedure. By each the duty of making these repairs is charged upon the land and its owner. By each it is provided, that in case of default the trustee shall cause the repairs to be made and collect the expense thereof from the land-owner, a lien upon the land being given as security.

The provisions of the law of 1889 seem to have been strictly followed. When the act of 1891 went into force, it was too late for the trustee to follow and conform to the requirements of that act. He was already bound to the contractor by a contract lawfully made and binding upon him when made. From this contract the change in the statute did not free him.

Both the constitution of the United States (article 1, section 10) and that of this State (article 1, section 24) forbid the passage of any law impairing the obligation of contracts.

When, in pursuance of law, the trustee entered into a valid contract for the repair of appellee's allotment of the ditch, a liability then attached to the land-owner to pay the expense occasioned thereby, and, for the purpose of enforcing this liability, the act of 1889 (even if repealed by the act of 1891) was still in force by virtue of section 248, R. S. 1894, which enacts "That the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

This statute, together with the cases of *Daggy* v. *Ball*, 7 Ind. App. 64, 34 N. E. Rep. 246, and *Bruce* v. *Cook*, 136 Ind. 214, 35 N. E. Rep. 992, leads us to the conclusion that the trial court erred in sustaining appellee's demurrer.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed Mar. 6, 1894.