STARR, TREASURER, *v.* THE STATE, EX REL. KETCHAM, ATTORNEY-GENERAL.

[No. 17,833.   Filed February 25, 1898.]

APPEAL.—*Bill of Exceptions.*—A bill of exceptions must be signed by the judge before it is filed with the clerk.   *p. 593.*

STATUTE.—*Repeal of, Pending Action Based Thereon.*—A proceeding for the issue of a writ of mandate to require the treasurer of a city school board to pay over to the county treasurer a balance of unexpended school revenue, as provided by section 5969, Burns' R. S. 1894, was not affected by the enactment, after the suit was begun, of the act of March 7, 1895 (Acts 1895, p. 153), repealing the former statute and providing another mode for the enforcement of the liability.   *pp. 593-595.*

PARTIES.—*Action to Require Treasurer of City School Board to Pay Over Unexpended Balance of School Revenue.*—In an action to require the treasurer of a city school board to pay over to the county treasurer an unexpended balance of school revenue, as provided by section 5969, Burns' R. S. 1894, it is not necessary to include with the treasurer the other members of the school board.   *p. 595.*

From the Wayne Circuit Court.   *Affirmed.*

*J. F. Kibbey, J. F. Robbins* and *H. C. Fox,* **for** appellant.

*W. A. Ketcham*, Attorney-General, and *Thomas J. Study*, for appellee.

HOWARD, C. J.—This was a proceeding on the part of the Attorney-General for the issue of a writ of mandate to require the treasurer of the school city of of Richmond to pay over to the treasurer of Wayne county a balance of $9,983.51, of unexpended school tuition revenue left in his hands for the school year ending the day previous to the first Monday of July, 1893, under provisions of the act approved March 3, 1893, Acts 1893, p. 195, section 5969, Burns' R. S. 1894. A demurrer to the application and alternative writ issued thereunder being overruled, a general denial was filed, and the cause was submitted to the court for trial. The facts were found specially, followed by conclusions of law and judgment in favor of appellee.

So far as the merits of the case are concerned, the issues raised were decided against the contentions of appellant, in the case of *State* v. *McClelland*, 138 Ind. 395, and, later, in the case of *Pfau* v. *State*, 148 Ind. 539. In addition, it is to be said that, so far as concerns questions requiring a consideration of the evidence, there is nothing before the court, since what purports to be a bill of exceptions is no part of the record. It is shown that the paper called a "bill of exceptions" was presented to the judge and filed December 7, 1895; but this paper did not become a bill of exceptions until it was signed by the judge, December 14, 1895, and, as it was not filed after being so signed by the judge, it is no part of the record, and hence cannot be considered. *Guirl* v. *Gillett*, 124 Ind. 501; *Ayres* v. *Armstrong*, 142 Ind. 263; *Makepeace* v. *Bronnenberg*, 146 Ind. 243.

The action was begun September 15, 1894, under provisions of the act of 1893, *supra*, then in force, and final judgment was rendered October 11, 1895. As the act of 1893 was amended by the act approved March 7, 1895 (Acts 1895, p. 153), which latter act repealed all laws in conflict therewith, and did not contain any clause saving pending litigation, it is contended that the demurrer to the application and alternative writ, filed September 5, 1895, should have been sustained.

This contention, doubtless, should prevail were it not for the provisions of sections 243, 248, Burns' R. S. 1894. The first of these sections reads: "No rights vested, or suits instituted, under existing laws shall be affected by the repeal thereof, but all such rights may be asserted, and such suits prosecuted, as if such laws had not been repealed. And in section 248 it is provided that, "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and the statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

Following the rulings in *State* v. *McClelland* and *Pfau* v. *State, supra*, it cannot be denied that, under the act of 1893, the treasurer of the school city had incurred a liability to the State for his failure to turn over to the county treasurer the unexpended balance of funds in his hands. The act of 1895 did not provide for any release or extinguishment of this liability. On the contrary, the act of 1895 itself recognized the liability, and provided another mode for its future enforcement. The suit already instituted might therefore be prosecuted quite the same as if the

act of 1893 had not been repealed. It would be intolerable that the treasurer, for the reason given, should retain in his hands the money that confessedly belongs to the State. *State* v. *Helms,* 136 Ind. 122; *State* v. *Halter, ante,* 292; *Bruce* v. *Cook,* 136 Ind. 214. In the latter case it was expressly held that where a statute under which a liability has accrued has been repealed, and the repealing act does not provide for the extinguishment of. such liability, the statute repealed will be treated as still remaining in force for the purpose of sustaining any proper action for the enforcement of such liability.

Another reason urged in support of the demurrer is that there is a defect of parties, inasmuch as the other members of the school board are not included with the treasurer. The statute, however, expressly confined the liability to the treasurer. It was competent for the legislature to do this. The treasurer could not ignore the positive command of the law by reason of any action or failure to act on the part of the board. His duty was plainly pointed out by the statute.

The right to proceed in the case at bar by writ of mandate, and other questions discussed by counsel, have all, as we think, been sufficiently considered in the cases above cited, *State* v. *McClelland* and *Pfau* v. *State, supra.*

Judgment affirmed.