## CITY OF LOGANSPORT v. WEBSTER.

[No. 6,759. Filed March 10, 1910.]

1. MUNICIPAL CORPORATIONS.— *Alley Improvements.*— *Appeal.*— *Time for Taking.*—An appeal from the final order of a city council in fixing alley improvement assessments must be taken within twenty days (§3623e Burns 1901, Acts 1901, p. 534, §5). p. 501.

2. MUNICIPAL CORPORATIONS.—*Alley Improvements.*—*Appeal from Order for.*—*Complaint.*—*Construction.*—On an appeal from the action of a city council ordering the improvement of an alley, the transcript, on appeal, is treated as a complaint; but such complaint must be liberally construed. p. 501.

3. MUNICIPAL CORPORATIONS.—*Records.*—*Receipt of Bids for Alley Improvements.*—*Evidence.*—*Postponements.*—The law does not require that a record be made of the meeting of a city council, on the opening of bids for an alley improvement, or of its action in opening bids, such actions being provable by parol evidence. p. 502.

4. MUNICIPAL CORPORATIONS.—*Official Acts.*—*Presumptions.*—The acts of the common council of a city are presumed to be lawful. p. 502.

5. MUNICIPAL CORPORATIONS.—*Alley Improvements.*—*Bids.*—*Opening of.*—*Presumptions.*—Where the report of a street committee made on July 6 shows that bids had been received and opened, the presumption is that such bids were received and opened at the proper time, especially where no complaint had been made as to such improvement. p. 502.

6. MUNICIPAL CORPORATIONS.— *Alley Improvements.*— *Estoppel.*— Frontagers who stand by and permit alley improvements to be made, making no objections thereto until the work is completed, are estopped to take advantage of mere irregularities in order to avoid payment therefor. p. 504.

7. MUNICIPAL CORPORATIONS.—*Defective Alley Improvement Proceedings.*—*Burden of Proof.*—One objecting to the proceedings of a city council in receiving and opening bids for an alley improvement must show, in an appeal from the action of such council, that his substantial rights have been violated. p. 504.

From Cass Circuit Court; *John S. Lairy,* Judge.

Appeal by Weldon Webster from an order of the City of Logansport for the improvement of an alley. From a judgment for said Webster, the City of Logansport appeals. *Reversed.*

*George W. Funk,* for appellant.

*Stewart T. McConnell, Albert G. Jenkines, Bertram C. Jenkines* and *Charles H. Stuart,* for appellee.

HADLEY, J.—This is an appeal from the final assessment of benefits to improve an alley in the city of Logansport, under the act of the legislature of 1901, known as the Artman law. Acts 1901, p. 534, §§3623a-3623h Burns 1901.

The transcript of the proceedings of the common council, which forms the basis of the appeal, shows that on June 1, 1904, the common council of the city of Logansport, by more than a two-thirds vote, passed a declaratory resolution for the improvement of a certain alley in said city, and authorized the city clerk to advertise for bids to be received for said work up to 4 o'clock p. m., June 25. The clerk gave the prescribed notice, and on July 6, at a regular meeting of said council, the street committee of said council presented two bids for the work, together with their report thereon, as follows: "Your street committee, after opening and examining the bids for the improvement of the alley between Wright and Usher streets and Fifteenth and Sixteenth streets, would recommend that the contract for the improvement of said alley be awarded to Jerry Kerns, he being the lowest bidder, and we further recommend that the mayor and clerk enter into a contract, in accordance with the bid." The record then shows the adoption of the report, the acceptance of the bid of Jerry Kerns, and the execution of his contract for the construction of the improvement. The record also shows the completion of the work and its acceptance, and all further hearings, notices and proceedings, as required by said act to have been fully and legally had and performed. The final order of the common council, confirming and fixing the assessments, was made on November 21, 1904.

On December 21, 1904, appellee presented his bond for an appeal to the circuit court, which bond was approved. The

record does not show that appellee took any steps towards taking an appeal until said December 21.

The appeal was sought to be taken under section five of said act (§3623c, *supra*). This section authorizes an appeal within twenty days from the final order fixing the assessments. It does not appear that the appeal was taken within that time, but no motion was made to dismiss the appeal below, and no question presented thereon here.

Upon the approval of the appeal bond the city clerk filed a transcript of the proceedings of the common council, as heretofore set out, in the office of the clerk of the Cass circuit court. Appellee demurred to the transcript for want of facts, which demurrer was sustained, and judgment was rendered against the appellant. In cases of this character the transcript of the proceedings of the common council is treated as in the nature of a complaint. *Taber* v. *Ferguson* (1887), 109 Ind. 227; *Phillips* v. *Jollisaint* (1893), 7 Ind. App. 458; *Reeves* v. *Grottendick* (1892), 131 Ind. 107. The only objection urged against the transcript is that it does not show that the bids were received within the time fixed in the notice, or that the council met at the time specified, to receive and open them. Section one of said act (§3623a, *supra*) provides that "the common council shall open the bids upon the date fixed and award the contract to the best bidder therefor: Provided, that such common council may take such bids under advisement and shall have the power to reject any and all bids."

In the very nature of things, the usual rules for the construction of complaints should not apply with strictness to cases like this. Here we have no one in interest filing a complaint. The real party whose interests are affected is the contractor, and yet the defect, if defect it is, accrued before the contract was let to him, and before he had any interest. Furthermore, only the recorded acts of the council are pre-

sented. The law does not require that a record be
3.  made of the meeting of the council at the opening of
the bids, and if, in fact, it did meet at the time
specified, and open the bids, and took them under advisement until finally acted upon, and no bids were received after that date, the mere fact that they made no record of such acts would not invalidate their subsequent proceedings. *Ross* v. *City of Madison* (1848), 1 Ind. 281; *School Town of Princeton* v. *Gebhart* (1878), 61 Ind. 187; *State, ex rel.,* v. *Hauser* (1878), 63 Ind. 155. In the case last cited the court said on page 182: "The paragraphs of answer were not objectionable by reason of the fact that copies of the proceedings and actions of the common council, therein referred to, were not filed therewith as exhibits. The minutes of the common council are only evidence of their proceedings and actions; but if no minutes or record of the acts of the common council have been kept, these facts may be proved by parol evidence, like any other facts. The old doctrine, that the acts of a corporation could be proved only by the record of its proceedings, has ceased to be the law; and the rule is now, that the authorized acts of a corporation are not void, merely because there is no written evidence of them, and in such case their existence may be shown by parol evidence."

The common council is a public statutory board, and
4.  the law presumes that it did its duty, and acted in
conformity with the statutory provisions.

The report of the street committee, made to the council on July 6, shows that the bids had been opened at a former date
and had been under investigation and advisement;
5.  and, under the circumstances of this case, we will presume that the bids were properly received and opened.
Especially is this true where it does not appear that the substantial rights of the party complaining have been affected. It is proper for us to consider, in this connection, the fact that no complaint is made that the work was not properly done; that the cost was in excess of the benefits to

adjoining property; that the benefits assessed are in excess of the benefits received, or that appellee did not have full notice of the contemplated work from its inception, during its progress, or up to its final completion, and there is no showing that he made any objection or protest thereto until after the work was finally completed, and the assessment fixed. *Taber* v. *Ferguson, supra.*

The rules by which we should be governed in such cases are plainly stated in the case of *Reeves* v. *Grottendick, supra,* where a proceeding, substantially the same as we now have before us, was under consideration, and in that case the court said: "Our statute provides that the transcript certified to the circuit court by the city clerk shall constitute the complaint of the contractor. This singular provision makes a pleading for a contractor who expends time, money and labor, in improving streets for the benefit of the municipality and private property owners, and justice requires that it should not be construed with rigid strictness against him. As the officers of the law, and not the party, make the pleading, it ought to stand, unless there is some defect in it which affects the substantial rights of the parties. It is by no means every departure from the statute that will warrant the courts in declaring that the contractor has no complaint. If, therefore, we find no error or defect in the proceedings and transcript before us affecting the substantial rights of the appellants, we must uphold the complaint."

In the case of *Sims* v. *Hines* (1892), 121 Ind. 534, in passing upon proceedings authorized by the same statute as in the case last cited, the court said: "The statutory provision is a singular one, inasmuch as it makes the transcript of the proceedings of the city authorities the complaint of the plaintiff, although, in fact, he has nothing to do with the proceedings, for they are conducted by the representatives of the municipality. The property owner really assails the proceedings of those who are his chosen representatives, and not the acts of contractor, when he demurs to the tran-

script, and it would seem that, in strict right, he should not profit by errors committed prior to the time the contractor acquires a special interest in the matter.    *    *    * It is, at all events, nothing more than justice to require a property owner, who opposes the proceedings, to make known his objections before the contractor is fastened by his contract; and it is but fair to the contractor to relieve him from accountability for what occurs prior to the time he acquires a special interest in the proceedings.   This right is fully open to the property owner, and the fault is his own if he does not avail himself of it.''

The statute under discussion in the quotations just given contained a provision denying the property owner's right to question the proceedings had prior to the making of 6. the contract; and while the statute involved in the case at bar has no such provision, yet the reasoning of those two cases, and the general principles therein laid down, apply with force to this case.

For the foregoing reasons, we hold that the proceedings of the common council were sufficient to put appellee to the proof of his charges, and to show that he had suffered 7. in his substantial rights, if his appeal has been properly taken and he has not waived his rights by standing by.

Judgment reversed, with instructions to overrule the demurrer of appellee, and for further proceedings not inconsistent with this opinion.