WISE ET AL. *v.* McKEEVER, TRUSTEE.

[No. 22,670. Filed May 10, 1916.]

1. HIGHWAYS.—*Improvement.*—*Statutes.*—*Improvement Within City or Town.*—Under §2 of the act of 1909 (Acts 1909 p. 355) for the improvement of highways, the board of commissioners can not arbitrarily determine the character of that portion of the improvement within the corporate limits of a city or town, and compel the city or town to pay the additional cost, if any, of such improvement. p. 691.

2. HIGHWAYS.—*Improvement.*—*Statutes.*—*Improvement Within City or Town.*—*Waiver of Objections.*—Where all the essential steps

had been taken for the improvement of a highway, including the giving of jurisdictional notice as required by §7712 Burns 1908, Acts 1907 p. 137, and fixing the day for hearing thereof, a town through which the improvement extended, was charged with knowledge that at such hearing the board of county commissioners would appoint an engineer and viewers and designate a day for the filing of their report and plans and specifications, and the failure of such town to institute such action as would prevent the letting of a contract based on such plans and specifications must be deemed a waiver of any objections thereto. p. 692.

3. HIGHWAYS.—*Improvement Within City or Town.—Reimbursement of Township.—Statutes.*—Section 7721 Burns 1914, Acts 1913 p. 514, relating to the improvement of highways and providing that the excess cost of that portion of a highway improvement within a city or town should be charged to so much of the taxing district as may lie within such city or town, and making it the duty of the board of county commissioners to levy the tax, though containing no saving clause, did not cut off the right of a township to reimbursement under the provisions of the act of 1909 which was amended thereby, where the improvement for which reimbursement was sought was commenced and completed, and the bonds were issued and the tax imposed under the latter act, since there being no legislative purpose to deprive the township of such right, such right was saved by virtue of §248 Burns 1914, §248 R. S. 1881. p. 693.

4. HIGHWAYS.—*Mandamus.—Discretion of Officers.—Statutes.*—Under §2 of the act of 1909 (Acts 1909 p. 355) relating to the payment of excess cost of highway improvement extending through cities and towns, the discretion given to the authorities of such city or town is merely as to the method of raising the amount to be paid, and not whether payment shall be made, so that an action in mandamus to compel payment for the excess cost of a highway improvement within a town was not objectionable as seeking to control the discretion of the town's authorities. p. 696.

5. MANDAMUS.—*Parties.—Statutes.*—In mandamus by a township trustee to compel a town to provide for the payment of excess cost of a highway improvement through such town, under §2, Acts 1909 p. 355, the contractor was not a necessary party plaintiff, and the abutting property owners were not necessary parties defendant. p. 696.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by George W. James, as trustee of Dallas Township, Huntington County, against William F. Wise and others. From a judgment for plaintiff, the defendants appeal, and subsequently Samuel

McKeever, successor in office to James, was substituted as appellee.   *Affirmed.*

*William D. Hamer* and *Lesh & Lesh,* for appellants.

*Fred H. Bowers* and *Milo N. Feightner,* for appellee.

SPENCER, J.—George W. James, as trustee for Dallas Township, Huntington County, instituted this action in mandamus on September 27, 1913, to compel the town of Andrews in that county to provide for the payment of part of the cost of construction of a certain free gravel road located in the township and running through the town. It has been suggested that during the pendency of this appeal, the term of office of George W. James, as trustee has expired and, on motion, his successor, Samuel McKeever, is now substituted as appellee herein. The complaint alleges, in substance, that in the year 1912, the requisite number of qualified persons petitioned the Board of Commissioners of Huntington County to improve a certain highway in Dallas Township which passes through the town of Andrews and is known as Main Street within the corporate limits of that town; that after the petition was filed, the board of trustees gave consent to the improvement of the street and it was thereafter improved by order of the board of county commissioners; that a part of Main Street within the limits of the town of Andrews was improved in a different manner from the other part of the highway without the town, in that the roadway within the town was made wider, a concrete curb constructed and a binder material poured over the crushed stone used in improving the roadway; that said additional work cost the sum of $2,261.40; and that sum is now due and justly owing to Dallas Township from the town of Andrews. Prayer that its board of trustees

be compelled "either to levy a tax on the whole property of said town to reimburse said township or to take such steps in the premises as are necessary to assess the amount of benefits against the abutting property along said improved highway." The complaint describes somewhat in detail the several steps taken in the above proceeding but this statement of the same is sufficient to show the theory of the pleading. Appellants' demurrer to the above complaint was overruled and error is now assigned on such ruling, but in view of the conclusion herein reached, we deem it unnecessary particularly to consider that assignment for the present.

Appellants filed a general denial and a second paragraph of answer in which they alleged, in substance, that the petition for the improvement of the highway in question contained the following clause: "Your petitioners respectfully recommend that the said road as above set out should be improved from the commencement to the terminus thereof by placon it crushed stone in the amount of —— cubic yards per rod and that said suitable side drains be established and that all culverts be repaired, and that the present width of the road should not be disturbed and that the width of the grade should be about twenty (20) feet." That the petition contained no other recommendation or request as to the character of the proposed improvement and contained no suggestion or request that the portion of the road which was located within the town of Andrews should be improved in any way different from the portion outside thereof; that after the filing of the petition the town of Andrews, by its board of trustees, duly gave its "consent to the improvement of Main Street of the town of Andrews, *as provided for and called for*" in the petition and in no other

manner; that the additional improvements described in the complaint were first specified by the report of the viewers appointed by the board of commissioners, and that no notice was given to appellants, or any of them, that the board had ordered the additional improvements to be made. A demurrer to this paragraph of answer was sustained and a trial had on the issues presented by the complaint and general denial. Finding and judgment that the extra expense incurred by reason of the additional improvements made within the town of Andrews should be paid by the town and that its board of trustees should "either levy said sum on the whole property of said town or assess the sum as benefits against the abutting property on said part of said street."

In prosecuting this appeal from the above judgment, appellants take the position: (1) that the cost of improving a highway under the law which governs this proceeding must be borne by the civil township within which such highway is located, unless part of such highway within the limits of an incorporated city or town is, by order of or with the consent of the common council or board of trustees of such city or town, improved in a different manner from the rest of the highway, in which event the additional expense of such improvement, if any, must be borne by the city or town; (2) that the determination of the kind and character of a street improvement within an incorporated city or town rests with the common council or board of trustees of the city or town and cannot be delegated by it to any other body; and (3) that consent given by such council or board of trustees does not authorize a board of commissioners to improve a street in a manner other than that previously approved by the consenting body.

The law in force at the time the improvement proceedings were had provided that *"No street in any incorporated town or city shall be improved under the provisions of this act, without the consent of the trustees of said town or the common council of such city, by resolution duly adopted, a certified copy of which resolution shall be filed in the office of such auditor and entered upon the records of such board before such improvements shall be ordered:  Provided,* That if any street of any incorporated town or city is improved under the provisions of this act, and the expense per mile of such improvement is greater than the average expense of improvement of the roads in the township outside the corporate limits of the cities and towns in such township, then the extra expense for such improvements shall be paid by the city or town to the township in which such streets are improved and the common councils or boards of trustees of such cities and towns are authorized to levy a tax 'upon the whole property of the city or town or to assess the amount as benefits against the abutting property in the manner provided by law for such assessments' to pay the amount due from such city or town to the township on account of such improvements." Acts 1909 p. 355.  So much of the above act as we have set out in italics was a literal reenactment of part of §7721 Burns 1908, Acts 1905 p. 521, §72, which was construed by this court, with §7759 Burns 1908, Acts 1907 p. 613, as recognizing "the right of the city or town to control the improvement so far as their limits are concerned, and necessarily the right to dictate the character of the improvement within their limits." *Strange* v. *Board, etc.* (1910), 173 Ind. 640, 654, 91 N. E. 242. This language is equally applicable to the act as amended in 1909 and justifies appellants' contention that a board of commissioners may not arbitrarily

determine the character of the improvement to be
adopted within the corporate limits of a city or
town and compel such city or town to pay the ad-
ditional cost, if any, of such improvement.

The complaint here, however, alleges generally
"that all such steps were taken in the premises in
said proceeding for the improvement and high-
2.    way that the law provides" and also that the
highway was "constructed and improved ac-
cording to plans and specifications made and filed
in the auditor's office", etc.  Appellants' demurrer ad-
mits these facts and their second paragraph of answer
also shows that the plans and specifications were
contained in the report of the civil engineer and view-
ers appointed by the board of commissioners under
§7715 Burns 1908, Acts 1905 p. 521, §66. Appel-
lants admit further that the jurisdictional notice re-
quired by §7712 Burns 1908, Acts 1907 p. 137, rela-
tive to the filing of the improvement petition and
the day set for the hearing thereon, was duly given,
but assert that no notice was given of the filing of the
report of the engineer and viewers or of the fact that
the board of commissioners had ordered the addi-
tional improvements within the town of Andrews.
The statute does not contemplate special notice of
such steps.  Appellants were duly advised that the
petition for the improvement was pending and would
be heard by the commissioners on a day named, and
they gave their consent to the making of such im-
provement.  They were charged with knowledge
that under the law the board of commissioners at
such hearing would appoint a civil engineer and two
viewers to consider the proposed improvement and
would at the same time designate a day on which
the engineer and viewers should file in the auditor's
office a report showing their recommendations con-
cerning the improvement, together with plans and

specifications therefor. These steps appear to have been properly taken and the failure of appellants to institute such action as would prevent the letting of a contract based on such plans and specifications must be deemed to be a waiver of any objections thereto. 28 Cyc 1093, and cases cited.

The legal questions presented by the facts set out in the above pleadings are of public importance and for the purpose of considering the same on 3. their merits we have thus far treated appellee's complaint as proceeding on a correct theory. It is evident that the pleading is based on the provision in the act of 1909, *supra*, which authorized a board of trustees to levy a tax on the whole property of the town or to assess the additional cost of the improvement in the town against the abutting property. That provision in the law, however, was amended in 1913, so as to charge the excess cost of an improvement within a town or city "against so much of said taxing district as may lie in said city or town," and to place the duty of levying the tax on the board of county commissioners. Acts 1913 p. 514, §7721 Burns 1914. The amendatory act contains no saving clause and it is contended by counsel for appellants that, notwithstanding the improvement involved here was carried to completion and bonds issued and tax imposed to pay for the whole cost under the former act, the right of the township to reimbursement and the proceedings therefor under that act for the excess cost of the improvement in the town ceased to exist with the going into effect of the amendatory act. We can not agree with the position of counsel. While both the act of 1909 and that of 1913 recognize the justice of the city's or town's paying the excess cost of the better improvement therein, there is this difference between the state of the law as it was when the improvement of this high-

way was begun and completed and after the amendment of 1913 was enacted: under the law as it was amended in 1909 (Acts 1909 p. 355) the board of county commissioners sold the bonds of the county to pay the whole cost of the improvement and levied a tax against all the taxing district to pay the bonds. Acts 1907 p. 572, §75, Acts 1905 p. 521, §76, §§7725, 7726 Burns 1908. This tax included the excess cost of construction where part of the road was built in a city or town in a more expensive way than outside. Thus taxpayers of the township outside of the city or town would be paying part of the more expensive improvement therein. So, to obviate this apparent injustice, it was provided in §2 of the act of 1909, *supra*, that the city or town should reimburse the township by paying to it the excess and it was provided that the amount might be raised by the city or town by the levy of a tax "upon the whole property of it or by special assessments of benefits against abutting property."

The amendatory act of 1913 (Acts 1913 p. 514, §7721 Burns 1914) evidently contemplates that the board of commissioners shall levy against the township or taxing district generally taxes to pay the cost of improvement less the excess of the more costly construction in the city or town and at the same time levy a tax against that part of the city or town within the township or taxing district to pay the excess. It is very clear that this latter act bears no evidence that the General Assembly intended, in the matter here involved, to make it applicable to improvements which had, under the former law reached the state of completion of this one. The bonds having been issued and the taxation for the whole cost having been provided for under the former law nothing remained to be done but to make provision for the reimbursement of the township for the

excess cost of the improvement in the town. That this would then be impractical under the act of 1913 is obvious. That it would be practical under the act of 1909 is equally clear if the right to proceed under that act was still in existence. Did it still exist when appellee brought this action and the court rendered to him a favorable judgment? We do not find the question one of great difficulty. The act of 1909 fixed a liability on the part of a town or city, which desired a better improvement within its limits, of a highway within the township which it was proposed to improve, to pay for the extra cost. It provided that the extra cost "shall be paid by the city or town to the township" and granted the cities or towns special authority to raise the money for such payment by a choice of one or two specified methods. There is neither express nor implied purpose on the part of the legislature shown by the act of 1913 to deprive the township of the right of reimbursement or relieve the city or town from the liability to pay. In such case §248 Burns 1914, §248 R. S. 1881, clearly applies to save the township's right to reimbursement in this case and to compel the city or town to discharge the liability imposed. That section provides that even the repeal of a statute "shall not have the effect to release or extinguish any  *  *  *  liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such  *  *  *  liability." Frequently it has been held that this provision saves an accrued right and the remedy to enforce it in circumstances similar to those here involved. *Barren Creek, etc., Co.* v. *Beck* (1884), 99 Ind. 247, 249; *Bruce* v. *Cook* (1894), 136 Ind. 214, 35 N. E. 992; *Starr* v. *State, ex rel.*

(1898), 149 Ind. 592, 595, 49 N. E. 591; *Daggy.* v. *Ball* (1893), 7 Ind. App. 64, 34 N. E. 246; *Phillips* v. *Jollisaint* (1893), 7 Ind. App. 458, 34 N. E. 653, 847; *Leonard* v. *City of Indianapolis* (1894), 9 Ind. App. 262, 36 N. E. 725; *Crawford* v. *Hedrick* (1894), 9 Ind. App. 356, 36 N. E. 771.

There is no merit in the contention of counsel for appellants that the complaint seeks the aid of the court to control the exercise of a discretion on the part of the town board. The statute provides that the town shall pay. The discretion which is given it, is not, to pay or not to pay, but as to the method of raising the amount to be paid. Neither the complaint nor the judgment seeks to control this discretion. Nor is there merit in the claim made that the contractor was a necessary party plaintiff and that abutting property owners were necessary parties defendant.

The judgment is affirmed.

Morris, C. J., not participating.

NOTE.—Reported in 112 N. E. 765. See, also, under (1) 37 Cyc 225; (3) 37 Cyc 231; (4) 26 Cyc 310; (5) 26 Cyc 395, 409.