BUTLER ET AL. *v.* CITY OF KOKOMO ET AL.

[No. 9,094. Filed June 27, 1916.]

1. EMINENT DOMAIN.—*Public Improvements.*—*Change of Grade of Street.*—*Liability to Abutting Owners.*—It is the general rule, in the absence of a statute allowing compensation or unless there is damage due to negligence, that an abutting property owner cannot recover damages occasioned by a change of grade of a street or alley in the improvement of the same by the city authorities. p. 525.

2. EMINENT DOMAIN.—*Streets.*—*Appropriation to New Use.*—*Compensation.*—*Electric Railways.*—The construction of a street or interurban railroad upon a public street or alley is not a new and additional servitude entitling an abutting property owner to compensation for such occupancy. p. 525.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Power of Board of Public Works.*—*Grade of Street.*—Under §8696 Burns 1914, Acts 1905 p. 278, the board of public works of a city has the authority, in the improvement of streets or alleys, to change the grade thereof. p. 525.

4. EVIDENCE.—*Presumption.*—*Board of Public Works.*—*Official Acts.*—A city board of public works, being a statutory body, is presumed to have conformed to the provisions of the statutes in improving and changing the grade of a street. p. 526.

5. EMINENT DOMAIN.—*Change of Street Grade.*—*Street Railway.*—*Liability.*—*Power of Board of Public Works.*—A street railway company is liable to an abutting property owner for special dam-

ages resulting from a change in the grade of a street made solely for its accommodation and benefit, and the company will not be relieved of liability because such change in grade was made pursuant to the authority of the board of public works, since that body has no power to authorize special injury to private property. p. 526.

6. EMINENT DOMAIN.—*Change in Street Grade.—Compensation.—Street Railway.—Liability.*—Where a street railway company adjusts its roadbed to conform to a newly established grade of a street, as fixed by a city board of public works, it is not liable in damages to an abutting property owner, since the injury under such circumstances would be occasioned not by its act or conduct but by the city in changing the grade of the street.   p. 526.

7. MUNICIPAL CORPORATIONS.—*Public Improvements.—Board of Public Works.—Discretion to Change.*—While a city board of works has no authority to change the general plan of a public work, yet there is necessarily lodged in such bodies a discretionary power which may be exercised in making such changes in public improvements, during the progress of the work, as are for the betterment of the improvement.   p. 526.

8. EVIDENCE.—*Presumption.—Board of Public Works,.—Official Acts.*—Where changes are made in a public improvement by a board of public works during the progress of the work, it is presumed that the board acted in good faith.   p. 527.

9. PLEADING.—*Facts and Conclusions of Law.—Fraud.*—In an action for damages occasioned by a change in the grade of a street during the progress of its improvement, a bare allegation in the complaint that such change was made wrongfully and unlawfully is not equivalent to a charge of fraud.   p. 527.

10. EVIDENCE.—*Presumption.—Changes in Public Improvement by Board.—Assessment of Benefits.—Effect of.*—Where, in the improvement of a public street, there has been, after the completion of the work, an assessment of benefits to property affected, as provided by §8716 Burns 1914, Acts 1909 p. 423, it is presumed that any special damage to abutting property ocassioned by the improvement was properly adjusted in the fixing of the assessment.   p. 527.

From Howard Circuit Court; *William C. Purdum,* Judge.

Action by Maude S. Butler and another against the city of Kokomo and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Blacklidge, Wolf & Barnes* and *Overson & Manning,* for appellants.

*Joseph C. Herron* and *Bell, Kirkpatrick & Voorhis,* for appellees.

MORAN, J.—The question for consideration in this cause is one purely of law arising upon the sustaining of a demurrer to the second amended complaint, hereafter styled the complaint, and which in substance alleges: That appellee city of Kokomo is a municipal corporation organized under the laws of the State of Indiana, and that the appellee Kokomo, Marion & Western Traction Company is a corporation engaged in the general passenger traffic, owning a line of street railway within the city of Kokomo and especially upon Sycamore street in said city; that in the years of 1909 and 1910 it also operated a line of interurban railway from the city of Kokomo to the city of Marion and continued to operate such line until December 7, 1912, when appellee Kokomo, Marion & Western Traction Company and the Kokomo Public Utility Company consolidated under the name of the Indiana Railway & Light Company, the latter acquiring all of the property and assets of the former and assuming all liabilities thereon, including the claim of appellants; that for more than ten years prior to the commencement of the action, appellants were the owners of certain real estate in the city of Kokomo, which abuts upon said street, and upon that part of Sycamore street where appellants' property abuts and for a long distance east and west thereof; that appellee Kokomo, Marion & Western Traction Company owned and controlled a line of railway in the middle of the street, and operated the same for several years prior to December 7, 1912, and since the last mentioned date the same has been operated by appellee Indiana Railway & Light Company; that continuously for more than twenty-

five years Sycamore street has been improved and used by the traveling public, and for such period of time the grade line of the street has been established, and appellants have improved their property in conformity therewith. On March 24, 1909, appellee city of Kokomo adopted a resolution calling for the reimprovement of Sycamore street, and pursuant thereto such steps were taken, surveys had, plans and specifications adopted and the improvement ordered that a grade line was established in front of appellants' premises in conformity to the old grade line, which had theretofore been established for more than twenty years; the improvement ordered and the grade lines established were such as to fully accommodate and meet all the requirements of the public; that, on July 14, 1909, a contract for the improvement was entered into and the plans and specifications adopted by the city were made a part thereof; but, before the contractors began work, appellee city of Kokomo and appellee Kokomo, Marion & Western Traction Company, for the purpose of giving the latter an advantage, wrongfully and unlawfully entered into a contract by which appellee city of Kokomo agreed, for the sole benefit of appellee traction company, to lower the grade of Sycamore street, on which appellants' property abuts, and for a long distance east and west thereof; that the grade was lowered some twelve inches by reason of the agreement, upon that portion of the street upon which appellant property abuts, and that the access to and from appellants' premises was destroyed for all practical purposes. That appellants protested to the changing of the grade, but without avail; that the change was made for the purpose of enabling appellee traction company to operate larger cars than it had operated theretofore, although the grade theretofore was

sufficient for the purpose of operating the cars of appellant company over and upon the street; that appellee traction company agreed to pay the contractors for all additional cost occasioned by the change and to pay all damages that might in any way be sustained by the owners of property abutting upon the street, for which appellee traction company might be liable in law, and gave bond to the appellee city to do so. No steps were taken by the appellee traction company to condemn the real estate utilized by it in the manner stated, nor to assess the damages appellants' property sustained. By the lowering of the grade in the manner in which it was done, appellants allege that they have been damaged in the sum of $3,000.

Appellants' main reliance for reversal of the judgment is that there is enough in the complaint, by proper averments, to disclose that the ingress and egress to appellants' property was greatly impaired from which they suffered damages for the sole benefit of the appellee traction company, and not for the benefit of the public; that, without the lowering of the grade of the street, it served the purpose well as a public thoroughfare, and that the lowering of the grade in the manner alleged amounts to the taking of property without due compensation within the meaning of the Constitution of the State; and the fact that it was done under an ordinance, and by contract between the city and appellee traction company, can not relieve appellees from answering to the damages alleged to have been sustained by appellants.

On the other hand, the objections urged by appellees to the complaint are numerous, but which in an abbreviated form are: That the complaint fails to disclose by proper averment that the lowering of the grade of the street was not a part of the

improvement as ordered, and as an incident thereto, and that in the absence of a statute no damage can be recovered for injuries resulting in consequence of an improvement thus ordered; that the complaint fails to disclose that the lowering of the grade of the street was not a work of public utility, and that it was for the private benefit of appellee traction company; that appellants' remedy was by appeal from the action of the board of public works; that the attack here is a collateral one and therefore futile; further, that there is not enough in the complaint to show that the grade of the street had been established before the passing of the ordinance ordering the improvement; that the injury to the property under the circumstances alleged in the complaint is not the taking of property without due compensation within the meaning of the Constitution.

For many years there was a statute in force in this state (Acts 1867 p. 33, §3073 R. S. 1881), which provided that, when the grade of any street or alley had been established by the city authorities, the grade could not be changed without first paying the damages occasioned by such change to the parties injured. This statute was repealed by an act passed by the general assembly in 1905, concerning municipal corporations. Acts 1905 p. 219, §8975 Burns 1914 et seq.; Morris v. City of Indianapolis (1911), 177 Ind. 369, 94 N. E. 705, Ann. Cas. 1915A 65. However, by an act approved March 6, 1911 (Acts 1911 p. 539, §3710a Burns 1914), the statute allowing compensation for injury resulting from the change of a grade of a street theretofore established was re-enacted, except it does not include cities of the first, second and third classes. The improvement under consideration was constructed subsequent to the repeal and prior to

the re-enactment of this statute, and in the absence of such a statute, or negligence (*City of Indianapolis* v. *Williams* [1914], 58 Ind. App. 447, 108 N. E. 387), it may be stated as a general proposition that an abutting property owner can not recover damages occasioned by the change of a grade of a street or alley in the improvement of the same by the city authorities. *Weis* v. *City of Madison* (1881), 75 Ind. 241, 39 Am. Rep. 135; *Hirth* v. *City of Indianapolis* (1897), 18 Ind. App. 673, 48 N. E. 876; 28 Cyc 1065, 1069.

The construction of a street or interurban railroad upon a public street or alley not being, under the holdings of this state, a new and additional servitude such as to entitle an abutting property owner to compensation for such occupancy (*Mordhurst* v. *Fort Wayne, etc., Traction Co.* (1904), 163 Ind. 268, 71 N. E. 642, 66 L. R. A. 105, 106 Am. St. 222, 2 Ann. Cas. 967; *Kinsey* v. *Union Traction Co.* [1907], 169 Ind. 563, 81 N. E. 922; *Pittsburgh, etc., R. Co.* v. *Muncie, etc., Traction Co.* (1909), 174 Ind. 167, 91 N. E. 600), appellant, if entitled to recover, must do so by reason of some special injury suffered; and, if the injury appellants allege to have suffered is in consequence of an improvement ordered by the board of public works of the city of Kokomo, they would not be entitled to recover, the complaint not proceeding upon the theory that the work was negligently and unskillfully done, and there being no statute, as we have seen, awarding damages to an abutting property holder by reason of the changing of a grade of a street at the time this improvement was ordered.

It is within the authorized power of the board of public works to change the grade of the street or alley in the improving of the same (§8696 Burns 1914, Acts 1905 p. 278; *Hirth* v. *City of Indianapolis, supra*) and, being a public

statutory body, it has back of it the presumption of law that it did its duty and, in the case at bar, that it acted in conformity to the statutory provisions in reference to the improvement of the street and the change of the grade. *City of Logansport* v. *Webster* (1909), 45 Ind. App. 499, 91 N. E. 36; *Racer* v. *State, ex rel.* (1892), 131 Ind. 393, 31 N. E. 81; *Slaughter* v. *State, ex rel.* (1892), 132 Ind. 465, 31 N. E. 1112. The change of the grade of the street, however, must have been for the public welfare, and not for the accommodation and benefit of appellee traction company and, if done solely for its accommodation and benefit, the fact that it appears to have been done pursuant to authority of the board of public works would not relieve appellee traction company from answering for special damages resulting to appellants for its benefit, as the board could not legally authorize it to specially injure appellants and escape liability. *Egbert* v. *Lake Shore, etc., R. Co.* (1893), 6 Ind. App. 350, 33 N. E. 659; *Indianapolis, etc., R. Co.* v. *State, ex rel.* (1871), 37 Ind. 489; *Chicago, etc., R. Co.* v. *Johnson* (1909), 45 Ind. App. 162, 90 N. E. 507.

On the other hand, if the appellee traction company adjusted its roadbed in order to conform to the newly established grade of the street, as fixed through the board of public works, it could not be liable to appellants, as the injury under such circumstances would not be occasioned by its act or conduct, but by the city in changing the grade of the street. *Chicago, etc., R. Co.* v. *Johnson, supra.*

By reason of the discretionary power necessarily lodged in such bodies as boards of public works, they may make such changes in public improvements under their control and, while in progress, such as become apparent in their

judgment for the betterment of the improvement. This discretionary power does not, however, permit a change in the general plan of the work, but such changes and modifications as fall within their discretionary power wisely exercised. *Alsmeier* v. *Adams* (1916), 62 Ind. App. 219, 105 N. E. 1033, 109 N. E. 58; *Sims* v. *Hines* ·(1890), 121 Ind. 534, 23 N. E. 515; *Board, etc.* v. *Gibson* (1901), 158 Ind. 471, 63 N. E. 982. And where changes of this character are made, there is a presumption in favor of such bodies that they acted in good faith. In the case at bar, there is no charge of fraud or corruption on the part of the board of public works in making the change in the grade of the street; the bare allegation that it was done wrongfully and unlawfully is not equivalent to a charge of fraud.

In the assessment of benefits under the statute (§8716 Burns 1914, Acts 1909 p. 423), for an improvement such as is here under consideration, it is provided that, in the making of assessments against lots or parcels of land, said board of public works shall, as soon as any contract for the improvement of any street or alley has been completed, cause to be made out an assessment roll of the property bordering on the street or alley improved. Hence, the assessment of benefits to appellants' property was made after the change of the grade of the street, as disclosed by the pleading; and it seems to be the law that, where property is assessed for benefits and it is specially damaged by the improvement, there is a presumption that the same was properly adjusted in the fixing of the assessment. 28 Cyc 1079; *Gas Light, etc., Co.* v. *City of New Albany* (1901), 158 Ind. 268, 63 N. E. 458.

This is not a suit seeking equitable relief by

injunction to prevent the board of public works from entering into an illegal contract, or to prevent the carrying out of the same, but for damages to abutting property after the improvement of the street is completed. *City of Indianapolis* v. *Maag* (1914), 57 Ind. App. 493, 107 N. E. 529; *State, ex rel.* v. *Board* (1905), 165 Ind. 262, 74 N. E. 1091, 6 Ann. Cas. 468; *Board* v. *Pashong* (1907), 41 Ind. App. 69, 83 N. E. 383. And further, after a hearing before the board of public works as to the assessment of benefits, a right of appeal is provided to the circuit or superior court of the county in which the city or town is located wherein the improvement has been made, therefore, under the statute, appellant had a remedy by appeal. §8716 Burns 1914, *supra*. In the light of the authorities and the statutory provisions referred to, the court did not err in sustaining the demurrer to the complaint. Judgment affirmed.

NOTE.—Reported in 113 N. E. 391. Change of grade of street, rights of abutting property owner as to damages, 14 L. R. A. 371; 15 Cyc 662, 676. Use of street, additional burden, 17 L. R. A. 477; 4 L. R. A. (N. S.) 202; 36 L. R. A. (N. S.) 698; 40 L. R. A. (N. S.) 254. See under (5), (6) 15 Cyc 664.