JOHN J. BARNETT, ADMINISTRATOR, ETC., OF EDWARD
    N. BARNETT, DECEASED, PLAINTIFF AND RESPOND-
    ENT. v. ATLANTIC CITY ELECTRIC COMPANY, A COR-
    PORATION, DEFENDANT AND APPELLANT.

Argued November 6, 1914—Decided March 4, 1915.

1. Plaintiff's intestate, a member of the fire department of Atlantic
   City, in the performance of his duty went with other firemen
   into the tower of the city hall to extinguish a fire that had broken
   out there. It was evident that fixtures in the room were charged
   by escaping electricity sufficiently to produce a "small shock" on
   contact. Whilst endeavoring to put out the fire and locate its
   origin, decedent unintentionally came in contact with a metal
   pipe, which, unknown to him, was charged with a deadly current
   of electricity which had escaped from wires installed and main-
   tained by the defendant electric company for the purpose of fur-
   nishing light from its street lighting system to lamps in the tower.
   He was killed by the shock. The evidence tended to show that
   the wires were installed and maintained in an unsafe and negli-
   gent condition, and that for a long time the defendant knew of
   the defect. *Held*, that the defendant was under a duty to dece-
   dent to exercise reasonable care, and that the alleged negligence
   of the defendant and the contributory negligence of the decedent
   were questions for the jury.
2. Where the evidence tends to show that the next of kin of the
   decedent were deprived of a reasonable expectation of pecuniary
   advantage from a continuance of the life of the deceased, it is for
   the jury, taking into account all the uncertainties and contingen-
   cies of the particular case, to assess the damages, if any.
3. It is the duty of an electric light company that maintains and
   controls wires charged with a deadly current of electricity in a
   place where there is a likelihood of human contact therewith, to
   use reasonable care to maintain proper insulation of such cur-
   rent, and this involves reasonable care in inspection for the dis-
   covery of possible impairment or defects.

On appeal from the Atlantic County Court of Common
Pleas.

Before Justices TRENCHARD, BERGEN and BLACK.

For the appellant, *W. Holt Apgar* (*William W. Smithers*
of the Philadelphia bar on the brief).

For the respondent, *Babcock & Champion* (*Charles S. Moore* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff's intestate was a fireman in the employ of the fire department of Atlantic City. He responded in the nighttime to an alarm of fire in the tower of the city hall. Whilst there, in the performance of his duty as a member of the fire department, he came in contact with a metal pipe, charged with a deadly current of electricity, which had escaped from wires installed and maintained by the defendant electric company, and was killed by an electric shock.

This action, brought to recover for his death, resulted in a verdict for the plaintiff, and from the consequent judgment the defendant appeals.

We are of the opinion that the judgment must be affirmed.

The motions to nonsuit, and to direct a verdict for the defendant, were properly denied. They are both upon the same footing, since the defendant offered no evidence. Both were based upon these grounds—*first,* that there was no evidence of defendant's negligence; *second,* that the plaintiff was guilty of contributory negligence, and *third,* that there was no evidence of pecuniary injury to the next of kin.

We think the question of the negligence of the defendant was for the jury.

It was open to the jury to find from the evidence, if they saw fit, that the wires leading to the arc lamps in the tower designed to light the face of the "tower clock" were installed and maintained by the defendant company in a negligent and unsafe condition; that a deadly current of electricity escaped therefrom to and through a metal pipe with which the decedent, in the performance of his duty, came in contact, and that the defendant, through its superintendent, had actual notice, long before the accident, of the unsafe condition of the wires.

The defendant company, however, earnestly contends that it owed decedent no duty save that it should not wantonly or

willfully cause him harm. It relies upon the rule, that, in the absence of any statutory provision to the contrary, a member of a fire department who enters a building in the exercise of his duties is a mere licensee under a permission to enter given by the law, and the owner or occupant of the building owes him no duty to keep it in a reasonably safe condition. 29 *Cyc.* 452; *Kelly* v. *Henry Muhs Co.,* 71 *N. J. L.* 358. But we think this a misapprehension. The decedent was not upon property either owned or controlled by the defendant company, and the same rule does not apply to him as applies to one who goes upon the property of another with or without permission. The only right the defendant electric company had in the tower of the city hall was a right to place its wires and lamps in the tower. It was entitled to permanently occupy no more space for that purpose than was necessary for the lamps and wires and any devices used to maintain the wires in a safe condition. It had no right or permission to occupy the whole of the tower.

The liability of the defendant, if such there be, rests upon the fact that it was maintaining in a negligent and unsafe condition wires which were charged with a deadly current of electricity. *Brooks* v. *Consolidated Gas Co.,* 70 *N. J. L.* 211; *New York and New Jersey Telephone Co.* v. *Bennett,* 62 *Id.* 742. The question presented is: did the defendant owe any duty to the decedent, a member of the fire department, to exercise reasonable care in the maintenance of such wires? The underlying principle is that in all cases in which any person undertakes the performance of an act which, if not done with skill and care, will be highly dangerous to the persons or lives of other persons, known or unknown, the law, *ipso facto,* imposes as a public duty the obligation to exercise such care and skill. *Van Winkle* v. *American Steam Boiler Co.,* 52 *Id.* 240. The test of the defendant's liability to a particular person is whether injury to him ought reasonably to have been anticipated. *Guinn* v. *Delaware and Atlantic Tel. Co.,* 72 *Id.* 276. In the present case the wires were maintained in a place where people, with the permission of the city, might lawfully go. It was likely or probable that if

the wires leaked and charged the metal pipe, which extended eighteen inches out in the room, someone would come in contact with it and be injured.   The fact that the decedent was a mere licensee as against the city cannot avail the defendant company, for he was there lawfully.   As we have pointed out the case differs from one where a trespasser or licensee seeks to recover of the landowner.  While a landowner may in fact reasonably anticipate an invasion of his property, yet in law he is entitled to assume that he will not be interfered with.   His right to protect his possession and to use his property is paramount.   It was these considerations which led the court to deny the liability of the defendant in the turntable cases.   *Turess* v. *New York, Susquehanna and Western Railroad Co.*, 61 *Id.* 314; *Delaware, Lackawanna and Western Railroad Co.* v. *Reich*, 61 *Id.* 635, and in *Friedman* v. *Snare & Triest Co.*, · 71 *Id.* 605.   The general rule is that a person is liable for ·those results of his negligence which are reasonably to be anticipated.   The exemption of the landowner from liability as to trespassers and licensees is necessary to secure· him· the beneficial use of his land, but no reason exists for extending this exemption to the case where the rights of the defendant have not been interfered with.   *Guinn* v. *Delaware and Atlantic Tel. Co., supra.*

We think, also, that the question of contributory negli-' gence of the decedent was for the jury.

The decedent with other firemen, entered the tower in the performance of his duty.   They immediately applied their hand extinguishers and checked the fire.   It was discovered that the fixtures in the room were charged by escaping electricity sufficiently to produce a "small shock" upon contact. No doubt decedent had knowledge of that fact, but there is no evidence which shows conclusively that he knew or had reason to know that his life was in jeopardy.   The fire was not wholly extinguished.   His chief ordered him to remain pending an effort to locate the wires which occasioned the fire.   Then the city electrician came into the tower, and whilst they together were endeavoring to locate the trouble,

decedent raised his lantern. In so doing he unintentionally touched the metal pipe, which unknown to him was charged with a deadly current of electricity, causing a "ground" to the circuit, and he fell dead. Of course his situation called for the exercise of reasonable care and prudence upon his part. Whether or not his conduct measured up to that standard, was a question for the jury and not for the court. *Pesin* v. *Jugovich*, 85 *N. J. L.* 256.

We think it also quite obvious that the case could not have been taken from the jury upon the theory that there was no evidence of pecuniary injury to next of kin. The decedent was a bachelor. His next of kin were his brothers and sisters. There was evidence tending to show that they received from him financial contributions from time to time. Such evidence tended to show that the next of kin of the decedent were deprived of a reasonable expectation of pecuniary advantage from a continuance of the life of the deceased, and it was for the jury, taking into account all the uncertainties and contingencies of the case, to assess the damages, if any. *Batton* v. *Public Service Corporation of New Jersey*, 75 *N. J. L.* 857.

It is next contended that the trial judge erred in charging the jury that "under the undisputed facts of what occurred in this case the duty of inspection (of the wires) was on the defendant company." We think that instruction was proper. It was undisputed that the defendant company installed, maintained and controlled the wires charged with a deadly current of electricity in a place where there was likelihood of human contact therewith, and it was its duty to use reasonable care to maintain proper insulation of such current, and this involved reasonable care in inspection for the discovery of possible impairment or defects. *Anderson* v. *Jersey City Electric Light Co.*, 63 *N. J. L.* 387.

The foregoing observations in effect dispose of all points argued which call for remark.

The judgment will be affirmed, with costs.