# New York, Chicago & St. Louis Railroad Company v. Allen.

## [No. 9,048.   Filed June 9, 1916.]

1. Master and Servant.—*Injuries to Servant.*—*Liability.*—*Negligence.*—*Burden of Proof.*—To invoke the Employers Liability Act (§8020a et seq. Burns 1914, Acts 1911 p. 145), which removes the assumption of risk where injury results from obedience to an order of a superior, the injured person must first prove the specific acts of negligence charged.   p. 393.

2. Master and Servant.—*Injury to Servant.*—*Theory of Complaint.*—*Burden of Proof.*—Where the complaint charges that the injury complained of resulted from the incompetency of a fellow servant, the burden is on the plaintiff to support such theory by some competent evidence, since there can be a recovery only on the theory of the complaint.   p. 393.

3. Master and Servant.—*Injuries to Servant.*—*Negligence.*—*Evidence.*—In an action predicated on injury received because of the incompetency of a fellow servant, a spiker in a gang of tracklayers, the evidence is insufficient to show either that the spiker, who struck plaintiff with a sledge, was negligent, or that he was incompetent, thus charging the employer, where it appears that at the time of the accident plaintiff could have seen the danger of his situation, if any, had he looked, and that the spiker was performing his duties in the usual and proper manner.   p. 395.

4. Master and Servant.—*Injuries to Servant.*—*Negligence.*—*Evidence.*—There is a failure of evidence to show that a master placed his employees, including the complaining servant, in a dangerous place to work where it appeared that the foreman had placed two gangs of rail spikers at work at a safe distance apart and that the two gangs had, at the time plaintiff was struck with a sledge, gradually come so close together, without orders so to do and without the knowledge of the master, that it was possible for the accident to occur.   p. 395.

5. New Trial.—*Motion for.*—*Grounds.*—*Evidence.*—In an action for damages for personal injuries, where the undisputed facts of the case fail to support the negligence charged, but show that the injury complained of was due solely to an accident, the evidence does not support a verdict for the plaintiff and such verdict is contrary to law, and a motion for a new trial should be sustained.   p. 395.

6. Trial.—*Instructions.*—*Conformity to Evidence.*—Instructions are erroneous which authorize a recovery on theories not supported by the evidence.   p. 396.

From Allen Circuit Court; *John W. Eggeman,* Judge.

Action by Robert Allen against the New York, Chicago & St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Walter Olds,* for appellant.

*Lee J. Hartzell* and *Ray McAdams,* for appellee.

IBACH, J.—The complaint in this case charges substantially the following: On May 15, 1913, appellee was working for appellant on its railroad, under the direction of one of its foremen. He was directed by such foreman to assist in spiking rails to ties on the roadbed. The foreman directed the men engaged in that service to work in two gangs. The first gang, or section, was to spike every third tie and the second section was to follow and spike every third tie. The foreman placed in charge of the first section an Italian laborer who did not understand the work and was awkward and careless in the performance of his work, and appellee was working next to him. "Said laborer stepped back and while in the act of swinging a sledge hammer, swung such hammer in such a manner and carelessly and negligently struck the plaintiff in the eye severely injuring him * * * and said injury was without any negligence on the part of this plaintiff and wholly from the fault and negligence in placing an unskilled laborer to work upon said road and that by reason thereof plaintiff has been damaged in the sum of $5,000."

There was judgment for appellee on the verdict of the jury for $222.50. One of the alleged errors is the overruling of appellant's motion for a new trial, one ground of which is that the verdict is not sustained by sufficient evidence. It is apparent, we think, that the action is brought upon the theory that appellant was negligent in the employ-

ment of an incompetent servant, and in requiring appellee to work in close proximity to him, and that appellee's injury was due to the incompetency of such coemploye. The record discloses that the trial court and appellee proceeded during the trial upon this theory. While it is apparent also that appellee's complaint seeks to count upon the Employers' Liability Act of March 2, 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) one section of which removes the assumption of the risk, "where the injury complained of resulted from the employe's obedience" to an order or direction of the employer or of any employe to whose order or direction he was under obligation to conform or obey, still the burden rests upon the injured person in the first instance to sustain the specific acts of negligence charged before the above statute can be invoked. There is no rule of law better settled than that the plaintiff can only recover on the theory of the complaint, and that the burden is on him to support such theory by some competent testimony. Consequently, in this case it was incumbent on appellee to show that the accident happened in consequence of the incompetency of the fellow servant. Therefore, the first question is whether the evidence supports appellee's theory.

The undisputed evidence shows that at the time appellee received his injury appellant's servants were engaged in laying ties and spiking rails thereon, and that they had laid a portion of the track in the forenoon of that day and had temporarily spiked it so that trains might run safely over it; that they had permanently spiked the north rail, and the foreman had set two gangs, consisting of three men each, to spiking the south rail; that they used a gauge to obtain the correct distance between the

rails, which as the work progressed, was moved forward by the spiker working between the rails. In each of these gangs there was a man called a "nipper", who worked a little in advance of the spikers and carried the spikes, and used a crowbar to pry the ties up to the rails; and then the spikers on each side of the rail drove the spikes, at the same time drawing the rail in position. Each man understood the work and how it was to be done, and they were all in plain view of each other. These two gangs of men were set to work at a distance of thirty-two feet, or one rail's length, from each other, and each gang was to spike every third tie. Appellee was the "nipper" in the rear gang, and when he was sent to that work by the foreman, with instructions substantially as shown by the evidence above given, the foreman left them and went about his other duties some distance from them. The men that were set to work in the rear gang during the absence of the foreman advanced upon the forward gang, which was also moving eastward, until they came up close behind the forward gang. The forward gang was working in plain view of the rear gang. Appellee himself testified: "I knew the men were working ahead of us, but I did not know how far. It was a light day, and I didn't pay any attention to their working at all. I knew they worked ahead. I knew we were coming pretty close. When I stepped up to nip the tie this man was noticed by me and I knew how they swing the hammer to strike. I can't say where they were when I looked." The evidence also shows that in spiking the spiker took the spike, bent over and hit it a tap to set it, then straightened up, stepped one foot back, whirled the hammer around to the side and over his shoulder, and struck the spike. Appellant contends that some spikers lifted their sledges up

and brought them down from that position against
the spike.　Possibly that is one way that the work
might be done, but the evidence here fully discloses
the fact that the manner of using the hammer em-
ployed by the servant, first above described, was
the usual and effective way of driving spikes by
spike drivers on railroads.　There is abso-
3.　lutely no evidence that tends to show that
the servant, who was using the sledge which
struck appellee, was incompetent and known to be
incompetent by appellant, either at the time of
employment or afterwards, or that such employee
was negligent.　This is fatal to appellee's cause
of action. See *Spencer* v. *Ohio, etc., R. Co.* (1892),
130 Ind. 181, 184, 29 N. E. 915; *Brazil, etc., Co.* v.
*Cain* (1884), 98 Ind. 282.

Neither is there any evidence to show that ap-
pellant's foreman placed the employes, including
appellee, in a place of danger to perform
4.　their labor.　On the contrary, it shows that
they were sent to work at a safe distance
apart, with no order to go any nearer at any
5.　time, and there is no evidence from which it
might be said that appellant knew that they
were working closer than when the work began,
until the accident occurred.　We believe the undis-
puted facts of the case do not support the negligence
charged in the complaint, but they do show that
appellee's injury was due solely to an accident, for
which appellant was in no wise responsible.　This
being true, the evidence does not support the ver-
dict; the verdict is contrary to law, and for these
reasons alone, the motion for a new trial should have
been sustained. *Nave* v. *Flack* (1883), 90 Ind. 205,
46 Am. Rep. 205; *Conner* v. *Citizens Street R. Co.*
(1896), 146 Ind. 430, 45 N. E. 662; *Standard Pot-*

*tery Co.* v. *Moudy* (1904), 35 Ind. App. 427, 435
73 N. E. 188; 29 Cyc 852 and cases cited.

Moreover, the case was put to the jury by the
court on instructions authorizing a recovery on
theories not supported by the evidence.
6. This also was error. Instructions must be
pertinent to the issues presented by the
pleadings and evidence. 11 Enc. Pl. and Pr. 164;
*Lindley* v. *Sullivan* (1893), 133 Ind. 588, 32 N. E.
738, 33 N. E. 361.

It is therefore ordered that the judgment of the
court below be and the same is reversed at appel-
lee's cost, and the case is remanded with instruc-
tions to the court below to sustain appellant's
motion for new trial and for further proceedings in
accordance with this opinion.

Note.—Reported in 113 N. E. 315. See under (1) 26 Cyc
1404, 1407, 1418; (3), (4) 26 Cyc 1142, 1452. See also Ann. Cas.
1912C 96.