## Western Construction Company *v.* Smithmeier.

[No. 9,742. Filed March 14, 1919.]

1. Master and Servant.—*Injuries to Servant.—Employers' Liability Act.—Complaint.*—In an action for personal injuries, complaint held to be based on Employers' Liability Act (§8020a *et seq.* Burns 1914, Acts 1911 p. 145). p. 594.

2. Master and Servant.—*Injuries to Servant.—Common-Law Action.—Complaint.*—In a servant's common-law action against the master for personal injuries due to a defective wagon, the complaint must allege plaintiff's want of knowledge of the defective condition of the wagon, or his knowledge and the existence of such facts as would have justified him in continuing its use. p. 594.

3. Pleading.—*Complaint. — Construction. — Theory.*—A complaint must proceed upon some definite theory, and it will be construed upon the theory that is most apparent and clearly outlined by the facts stated therein. p. 595.

4. Master and Servant.—*Injuries to Servant.—Employers' Liability Act.—Complaint.—Sufficiency.*—A complaint drawn under the Employers' Liability Act (§8020a *et seq.* Burns 1914, Acts 1911 p. 145), which fails to allege that the relation of master and servant existed between the parties is demurrable. p. 595.

From Knox Circuit Court; *B. M. Willoughby,* Judge.

Action by Joseph W. Smithmeier against the Western Construction Company. From a judgment for plaintiff against the defendant named, it appeals. *Reversed.*

*LeRoy M. Wade* and *Arnold J. Padgett,* for appellant.

*Shuler McCormick,* for appellee.

McMahan, J.—Action by appellee against appellant and Charles A. Dreiman to recover damages for an injury to his person. There was a verdict against the appellant and in favor of Charles A. Dreiman,

and judgment accordingly. The errors assigned are that the court erred in overruling appellant's demurrer to the complaint and in overruling its motion for a new trial.

The complaint alleges that the defendant Western Construction Company is a corporation doing business under the laws of the State of Indiana, and as such employs five or more persons; that the defendant, Charles A. Dreiman, is engaged in the transfer and teaming business, and as such employs five or more persons; that the defendant Western Construction Company, on July 21, 1915, was engaged in the building and constructing of asphalt streets in the city of Vincennes, and in so doing had contracted with the said Charles A. Dreiman to haul for the said Western Construction Company the asphalt used in the construction of said streets, in wagons owned and furnished by the said Western Construction Company; that the plaintiff was on said day in the employ of said Charles A. Dreiman as a teamster and driver, and as such was engaged in hauling asphalt in one of the wagons of the defendant Western Construction Company.

The complaint, after describing the construction of the wagon used by appellee, and alleging that it was defective in certain respects, continues as follows: "Plaintiff further says that said defect in said wagon was, prior to the time of the injuries hereinafter complained of, known to both of defendants, or by the exercise of ordinary care might have been known to them in time to have repaired the same or discontinued the use of said wagon.

"The plaintiff further says that it was the duty of the defendants to provide safe and suitable tools

and appliances for plaintiff's use in said employment and to keep the same in proper repair; that this plaintiff was not a machinist and was not permitted by said defendants to repair or have anything to do with the repairs of said wagon. Plaintiff further says that the defendants, disregarding their said duty and wholly failing to provide safe and suitable appliances and tools, did carelessly and negligently provide, keep, and run said wagon at and with which this plaintiff worked, in a defective and dangerous condition, in this, to wit: That the pawl which engages to turn the ratchet wheel forward had become worn and shortened to such an extent that instead of holding the said ratchet lever in place so as to turn said windlass, it allowed the same to pass stiffly over and throw the operator upon the wagon.

"Plaintiff further avers that on the 21st day of July, 1915, and while he was using said wagon in the ordinary discharge of his duty and without fault or negligence on his part and in consequence of the defendant's said negligence, as aforesaid, and by reason of the said defective, unsafe and unsound condition thereof as aforesaid, said lever passed over said ratchet wheel and threw the plaintiff with great force upon and against said wagon and injured this plaintiff in this: one of his ribs was broken and his right arm was strained and bruised and he was otherwise internally injured, the exact extent of which is unknown at this time, to the plaintiff's damage in the sum of five thousand dollars.

"That all of said injuries were occasioned by the carelessness and negligence of said defendants and without any fault or negligence on the part of this plaintiff: Wherefore, etc."

The appellant contends that the complaint is drafted on the theory of attempting to state a cause of action under §8020a Burns 1914, Acts 1911 p. 145, commonly known as the Employers' Liability Act, and that it is subject to demurrer because it fails to show the relation of master and servant between appellant and appellee. Appellee admits that the relation of master and servant did not exist, and that the complaint cannot be upheld on that theory, but he contends that the appellant contracted with Charles A. Dreiman to haul the asphalt used in the construction of the street in wagons furnished by the appellant, and therefore under the common law it was the duty of the appellant to provide safe and suitable appliances for appellee's use in the work he was engaged in, and that it was the duty of appellant to keep such appliances in proper repair.

In so far as results are concerned, it does not matter which theory is adopted. Not only is the complaint subject to demurrer under either theory, but the evidence is not sufficient to support the verdict on either theory. It is our judgment, however, that the complaint must be construed as being based upon said §8020a, *supra*. The first sentence in the complaint alleges that the appellant employed five or more persons, which makes it evident that the pleader had the statute in mind and intended to bring the action under the statute. If it had been the intention to state a cause of action at common law, that allegation would not have been necessary, but it would have been necessary to have alleged appellee's want of knowledge of the defective condition of the wagon, or to have alleged his knowledge and the existence of such a state of

facts as would justify him in continuing its use. On the trial the first fact proved was that appellant, as well as Charles A. Dreiman, employed five or more persons, showing the theory appellee had in mind during the trial.

A complaint must proceed upon some definite theory, and it will be construed upon the theory that is most apparent and clearly outlined by the facts stated therein. *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 73 N. E. 996. The complaint having been drawn under the statute, failed to state a cause of action, as the relation of master and servant is not alleged. The demurrer should have been sustained.

We have examined the evidence, and find that there is no written evidence showing that the relation of master and servant existed, or that the appellee did not have equal knowledge of the alleged defective condition of the wagon. In fact the evidence conclusively, and without conflict, shows that the relation of master and servant did not exist, and that the appellee worked with the wagon, and knew of its alleged defective condition prior to the accident.

Judgment reversed, with direction to sustain the motion for a new trial, to sustain the demurrer to complaint, and for further proceedings not inconsistent with this opinion.