CENTRAL INDIANA RAILWAY COMPANY v. DAVIS, ADMINISTRATRIX.

[No. 10,933. Filed October 27, 1921. Rehearing denied January 27, 1922. Transfer denied June 6, 1922.]

1. APPEAL.— *Review.— Overruling Motion to Make Complaint More Specific.—Burden of Showing Prejudicial Effect.*—The overruling of a motion to make a complaint more specific is so largely a matter of discretion with the trial court that, to render its action reversible error, the moving party must show that he was injured by the denial. p. 344.

2. MASTER AND SERVANT.—*Injuries to Servant.—Theory of Complaint.—Employers' Liability Act.*—In an action against a railroad company for the wrongful death of an employe under the Employers' Liability Act (Acts 1911 p. 145, §8020a et seq. Burns 1914), where the theory of the complaint was that defendant was liable under §§2, 3 of the act, which relieves the employe of the effect of the common-law rules of assumption of risk and contributory negligence where the injury resulted from his obedience to any order or direction of the employer, etc., plaintiff's right to recover must be limited to that theory. p. 344.

3. MASTER AND SERVANT.—*Injuries to Servant.—Verdict.—Answer to Interrogatories.— Conflict.*— In an action against a railroad company for the death of an employe, although the fact, which under the theory of the complaint was essential to plaintiff's right of recovery, that decedent was ordered "to go to and upon a certain freight car" was impliedly found by the general verdict for plaintiff, such finding is not inconsistent with answers to special interrogatories showing that decedent got on a certain coal car, but that no one ordered or directed him to do so, where there was no finding that the coal car was the freight car referred to in the complaint. p. 344.

4. TRIAL. — *Verdict. — Answers to Interrogatories. — Presumptions.*—In passing upon the question of the sufficiency of answers to interrogatories to overcome a general verdict, the court considers only the general verdict, the interrogatories and the answers thereto, and the pleadings, and no inferences or intendments will be indulged in favor of such answers, but every reasonable presumption will be indulged in favor of the general verdict. p. 344.

5. MASTER AND SERVANT. — *Injuries to Servant. — Workmen's Compensation Act.— Employer's Rejection.— Assumption of*

*Risk.—Contributory Negligence.*—Where an employer has rejected the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918) defenses of assumption of risk and contributory negligence are not available under §10 of the act. p. 347.

6. MASTER AND SERVANT.—*Injuries to Servant.—Accrued Cause of Action.—Subsequent Amendment of Workmen's Compensation Act.—Effect.—Statutes.*—Section 10 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918), providing that, in event the employer elects not to operate under the act, the defenses of contributory negligence and assumption of risk shall not be available, pertains to a substantive right, and not to a remedy or a matter of procedure, and a cause of action, having accrued under such section prior to the act of 1917 (Acts 1917 p. 673, §8020m Burns' Supp. 1918), excluding railroad employes not engaged in train service from the operation of the Workmen's Compensation Act, was not affected thereby, being a vested right, fully protected against subsequent legislative enactments by §§243, 248 Burns 1914, §§243, 248 R. S. 1881. p. 347.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by Rosa Davis, administratrix of the estate of Charles E. Davis, deceased, against the Central Indiana Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Urban C. Stover* and *Christian & Waltz,* for appellant.
*Edward W. Little, Frank S. Roby* and *Earl W. Little,* for appellee.

BATMAN, J.—Appellee recovered judgment against appellant on the second paragraph of her complaint, which was drawn under the Employers' Liability Act of 1911. This paragraph, after alleging that appellant is a corporation, engaged in business as a common carrier, and employing therein more than five men, and that appellee's decedent, on March 27, 1917, was in its employ as a brakeman on one of its freight trains, contains the following averments, among others:

"That on said date the decedent was by said defendant

ordered and directed to go to and upon a certain freight car then and there forming a part of said train on which decedent was employed as aforesaid, and that decedent conformed to said orders and direction and was at the time of his injury and death as hereinafter set out and described at the place and engaged in the duty thus directed. That while thus employed the defendant carelessly and negligently made a running switch by then and there negligently cutting said car loose from said engine after said car had attained a high rate of speed, and defendant negligently kicked said car with its engine upon and over the main track and upon and over a switch into a sidetrack by it maintained at said station, and negligently and carelessly failed to leave sufficient room for decedent to carry out defendant's orders and direction as aforesaid. That the decedent in conformity to such orders and directions, was between said main track and sidetrack and between the cars thereon when said car was so negligently switched and kicked, and was by reason of said negligence caught between said cars and bruised, crushed and killed. * * * That the defendant, prior to said injury to said decedent as aforesaid, on the 10th day of August, 1915, and more than thirty days prior to said injury, gave notice in writing in substantial form to the Industrial Board of Indiana and to its employees that said company rejected the Indiana Workmen's Compensation Act. That a copy of said notice is filed herewith, made a part hereof, and marked 'Exhibit A.' "

Appellant filed a motion to require appellee to make this paragraph of her complaint more specific, and also a demurrer thereto, each of which was overruled. It then filed an answer thereto in two paragraphs, the first being a general denial, and the second alleging that the decedent, at the time he received his fatal injuries, was engaged in switching cars loaded with interstate ship-

ments of freight, and therefore it was not subject to the laws of Indiana, with respect to any liability arising from the decedent's said injuries. To this affirmative paragraph of answer appellee filed a reply in general denial. The cause was submitted to a jury for trial, resulting in a verdict in favor of appellee, with answers to certain interrogatories submitted by the court. Appellant filed a motion for judgment in its favor on the facts found by said answers, notwithstanding the general verdict, which was overruled, and judgment was thereupon rendered in favor of appellee. This appeal followed.

Appellant contends that the court erred in overruling its motion to require appellee to make her second paragraph of complaint more specific. It has been 1. held that the overruling of such a motion is so largely a matter of discretion with the trial court that, to render its action in that regard reversible error on appeal, it is necessary that the mover show that he was in some way injured by the denial. *Leimgruber* v. *Leimgruber* (1909), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593. There is no such showing in this case, and hence appellant's contention is not well taken. *Cleveland, etc., R. Co.* v. *Wolf, Admr.* (1920), 189 Ind. 585, 128 N. E. 38, 128 N. E. 695.

Appellant also contends that the court erred in overruling its motion for judgment in its favor on the answers to the interrogatories, notwithstanding the 2-4. general verdict. The theory of appellee's said second paragraph of complaint is, that appellant is liable, under the facts alleged, by reason of the provisions of the Employers' Liability Act of this state, which relieves an employe of the effect of the common-law rules of assumption of risk and contributory negligence, where the injury complained of resulted from his obedience to any order, or direction of the employer,

or of any employe, to whose orders or directions he was under obligation to conform or obey. §§8020b, 8020c Burns 1914, Acts 1911 p. 145. Appellee's right to recover on said paragraph of complaint must be limited to such theory. *New York, etc., R. Co.* v. *Allen* (1916), 62 Ind. App. 391, 113 N. E. 315; *Bemis, etc., Co.* v. *Krentler* (1906), 167 Ind. 653, 79 N. E. 974; *Peacock, etc., Co.* v. *Crawford* (1917), 65 Ind. App. 401, 117 N. E. 504; *Western, etc., Co.* v. *Smithmeier* (1919), 69 Ind. App. 591, 122 N. E. 429. Appellant insists that one of the facts, essential to appellee's right of recovery under such theory, is, that appellee's decedent was ordered "to go to and upon a certain freight car," as alleged; that the answers to the interrogatories show that no such order or direction was given, and that such answers, therefore, are in irreconcilable conflict with the general verdict, which must be accepted as a finding that such an order or direction was given. The answers to the interrogatories show that the jury found that after the switching crew had set several cars on the main track, including a stock car, they proceeded to set a coal car on the scale track; that in so doing said car was uncoupled from the other cars; that the engineer slowed down his engine to allow said coal car to move west into the scale track; that appellee's decedent got on the north side of said coal car as it crossed over Jackson street, but no one ordered or directed him to get on the same. The foregoing is the substance of the answers to the interrogatories on which appellant' relies, in support of its contention that the jury found that appellee's decedent was not ordered "to go to and upon a certain freight car" as alleged. While the answers to the interrogatories show that appellee's decedent got on a coal car that was being set on the scale track, and that no one ordered or directed him to get on the same, as stated above, a careful examination of the answers to

the forty-two interrogatories submitted to the jury fails to disclose any finding that the coal car in question was the freight car mentioned in the second paragraph of the complaint, or that appellee's decedent received his fatal injuries during the process of setting this particular car on the scale track, or that appellee's decedent received his said injuries as a result of his getting on such car. The entire transaction, with reference to the setting of the coal car as shown by the interrogatories, may have occurred as found, and still have had no connection with the freight car mentioned in the second paragraph of complaint. In making this statement we attach no particular significance to the difference in the adjectives used in the complaint and in the interrogatories in connection with the car mentioned in each, but have in mind the total failure to show that the occurrence mentioned in each, relating to the act of appellee's decedent in getting on a car, are identical. It is a familiar rule, that in passing on the question of the sufficiency of answers to interrogatories to overcome. a general verdict, the court will consider only the general verdict, the interrogatories and the answers, and the pleadings, and that no inferences or intendments will be indulged in favor of such answers, but every reasonable presumption will be indulged in favor of the general verdict. *Consolidated Stone Co.* v. *Summit* (1898), 152 Ind. 297, 53 N. E. 235; *Inland Steel Co.* v. *Smith* (1906), 168 Ind. 245, 80 N. E. 538; *Chicago, etc., R. Co.* v. *Schenkel* (1914), 57 Ind. App. 175, 104 N. E. 50; *Cleveland, etc., R. Co.* v. *Blind* (1917), 186 Ind. 628, 117 N. E. 641. Applying this rule to the facts found by the answers to the interrogatories, we are unable to say that such answers show that the jury failed to find any fact essential to appellee's right of recovery.

We are not required to examine the answers to the interrogatories to ascertain if they find any fact bear-

ing on assumption of risk or contributory negligence, as neither of these defenses are available to appellant in this action. We base this statement on the fact that the second paragraph of complaint alleges that appellant, more than thirty days prior to the date on which appellee's decedent received his fatal injuries, gave notice in writing to its employes, and to the Industrial Board of Indiana, that it rejected the Workmen's Compensation Act of this state. The jury by its general verdict found this allegation to be true, and as no answer to any interrogatory is in conflict with such finding, we must accept such allegation as an established fact. *Indiana Quarries Co.* v. *Farmer* (1915), 184 Ind. 411, 110 N. E. 549. The effect of such fact is to exclude the defenses named above, by reason of §10 of said Workmen's Compensation Act, Acts 1915 p. 392, §80201 Burns' Supp. 1918.

Appellant, however, attempts to avoid the effect of said section by citing the following facts: That appellee's decedent received his fatal injuries on March 27, 1917, but this action was not commenced until January, 1918; that by an amendment to the Workmen's Compensation Act, *supra,* which became effective May 31, 1917, railroad employes engaged in train service were excluded from its operation. Acts 1917 p. 673, §8020m Burns' Supp. 1918. It is contended that inasmuch as such amendment became effective before this action was begun, and consequently before the judgment involved in this appeal was rendered, that it is not precluded from asserting any of the defenses enumerated in said §10, Acts 1915 p. 392, *supra.* We cannot concur in this contention. It is clear that a statute which makes it possible for a servant, injured through the negligence of his master, to recover damages therefor, by denying to the latter certain common-law defenses, pertains to a substantive right, and

not to a remedy or matter of procedure. *Baltimore, etc., R. Co.* v. *Reed* (1901), 158 Ind. 25, 62 N. E. 488, 56 L. R. A. 468, 92 Am. St. 293. A cause of action, accrued under such a statute is a vested right, fully protected against subsequent legislative enactments by the provisions of the following statutes, which provide as follows (§243 Burns 1914, §243 R. S. 1881): "No rights vested, or suits instituted, under existing laws shall be affected by the repeal thereof, but all such rights may be asserted, and such suits prosecuted, as if such laws had not been repealed." And §248 Burns 1914, §248 R. S. 1881: "* * * And the 'repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." See the following cases in which the provisions of said sections have been applied: *Daggy, Trustee, etc.* v. *Ball* (1893), 7 Ind. App. 64, 34 N. E. 246; *Phillips* v. *Jollisaint* (1893), 7 Ind. App. 458, 34 N. E. 653, 847; *Hochstettler* v. *Mosier, etc., Co.* (1893), 8 Ind. App. 442, 35 N. E. 927; *Leonard* v. *City of Indianapolis* (1893), 9 Ind. App. 262, 36 N. E. 725; *Crawford, Trustee,* v. *Hedrick* (1893), 9 Ind. App. 356, 36 N. E. 771; *City of Indianapolis* v. *Ritzinger* (1899), 24 Ind. App. 65, 56 N. E. 141; *American, etc., Co.* v. *State, ex rel.* (1912), 50 Ind. App. 475, 98 N. E. 829; *Wise* v. *McKeever* (1916), 184 Ind. 686, 112 N. E. 765. In the case of *Hochstettler* v. *Mosier, etc., Co., supra,* the court, in speaking of the effect of a statute which had been repealed, said: "We incline to the opinion that the failure to comply with the statutory requirements constituted negligence *per se,* and, if injury resulted, there was a right of action in the appellant,

and a liability on the part of the appellee, at the time the injury was incurred. If such right was created, and such liability existed, solely by virtue of the act of 1885, then it was saved by reason of section 248, *supra.*" In the case of *Wise* v. *McKeever, supra,* which is among the latest cases decided by the Supreme Court involving said §248 Burns 1914, *supra,* a liability, which was neither a penalty nor a forfeiture, was held to have been saved by its provisions. It follows that the amendment to the Workmen's Compensation Act, effective May 31, 1917, which excluded railroad employes engaged in train service from its operation, did not destroy appellee's right of action, which had theretofore accrued, by restoring to appellant the common-law defenses, which did not exist, under the facts alleged, prior to said amendment.

However, we may add, that if we should disregard the inhibition placed on appellant in the use of the common-law defenses of assumed risk and contributory negligence by §10 of the Workmen's Compensation Act, Acts 1915 p. 392, *supra,* under the facts alleged in the complaint and found by the general verdict, still such defenses would not be available to appellant, under any fact found by the answers to the interrogatories, in view of the provisions of the Employers' Liability Act of 1911, relating to such defenses. §§8020a-8020c Burns 1914, *supra.* We conclude there was no error in overruling appellant's motion for judgment on the answers to the interrogatories, notwithstanding the general verdict. Finding no reversible error in the record, the judgment is affirmed.