## TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* SANDERS.

[No. 11,200. · Filed June 23, 1922. Rehearing denied November 17, 1922. Transfer denied May 29, 1923.]

1. ELECTRICITY.—*Personal Injuries.—Complaint.—Sufficiency.—Certainty.—Motion to Make Specific.*—In an action for the death of a boy from coming in contact with a wire highly charged with electricity on the railroad right of way, the complaint *held* to state the place where the wire was down with sufficient certainty as against a motion to make more specific. p. 21.

2. ELECTRICITY.—*Personal Injuries.—Complaint.—Sufficiency.—Negligence.*—In an action for the death of a boy from coming in contact with the broken end of a wire highly charged with electricity, a complaint alleging that defendant had notice and knowledge that the wire was broken and hanging to the ground and of danger to persons passing along where the wire was down and in permitting such wire to remain down for a period longer than was reasonably necessary to have repaired it, *held,* to allege facts sufficient to show negligence. p. 21.

3. APPEAL.—*Review.—Complaint.—Sufficiency.—Overruling Motion to Make Specific.—Burden of Showing Prejudicial Effect.*—A cause of action will not be reversed for overruling a motion to make a pleading more specific unless the mover shows that he was prejudiced thereby. p. 21.

4. NEGLIGENCE.—*Landlord's Duty to Licensee.—Care Required.*—Generally, a licensee takes the premises as he finds them, with all risks and dangers, and the owner owes him no duty of

making an active effort to discover his presence; but if the owner discovers his presence and sees him in a situation of peril, he may not do an affirmative act which might reasonably be expected to increase the peril. p. 23.

5. ELECTRICITY.—*Use of Railroad Right of Way for Travel.— Licensee.—Duty to other Licensees.—Negligence.*—Where the public had been using the railroad right of way as a footpath for a number of years, and an electric power company, which was a licensee, had strung a number of electric wires on poles along the railroad right of way, *held,* the electric power company was chargeable with notice that the footpath was being used by the public and was required to so use its property as not to negligently injure any one using the footpath as a licensee of the railroad company. p. 23.

6. NEGLIGENCE.—*Care Required.—Evidence.—Conclusiveness.*— Where a defendant owes a duty to plaintiff to use care, and an accident is caused by a thing or instrumentality under the control of the defendant that in the ordinary course of things would not have occurred, if proper care had been used, *held,* to be *prima facie* evidence of negligence. p. 24.

7. . NEGLIGENCE.—*Liabilities.—Anticipated Injuries.*—The test of a defendant's liability to a particular person is whether injury to him ought to have been anticipated. p. 26.

8. NEGLIGENCE.—*Licensee.—Duty of Licensee to Other Licensees.* —It is the duty of one licensee to use reasonable care not to injure other licensees. p. 26.

From Parke Circuit Court; *Henry Daniels,* Judge.

Action by James M. Sanders against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McNutt, Wallace, Harris & Randel, Maxwell & McFaddin* and *W. H. Latta,* for appellant.

*George W. Wells, Duvall & Whitaker* and *J. M. Johns,* for appellee.

McMAHAN, J.—Complaint by appellee for the alleged wrongful death of his infant son, in which it is alleged that appellant was engaged in the transmission and sale of electric current in and around the city of Terre

Haute; that for said purpose it owned and operated high voltage wires, to which wires leading into residences and other buildings were attached; that on March 10, 1918, and prior thereto one of said high voltage wires was suspended on poles on the south and west side adjacent to the Evansville and Indianapolis Railroad and extended from the southwest part of said city from a point near Third and Voorhees streets in a southeasterly direction to the neighborhood of the intersection of South Seventh street and the north line of Honey Creek township; *"that defendant company carelessly and negligently constructed said high voltage wire, as above described, near to and parallel to a large number of other wires not then and there being used to convey and carry electricity,"* both the high voltage and other wires being on said day and for months prior thereto insecurely attached and fastened to the poles and for months had been old, weak, rotten, and unsafe, and hung suspended from their fastenings on the poles to or near the ground; *"that some of the wires which were not being used to carry electricity were carelessly and negligently* fastened and attached to the same line of poles to which said high voltage wires were so carelessly and negligently attached,"* and had been so attached for a long time, which conditions were well known to appellant and could have been known by it in the exercise of reasonable care in time to have made them safe prior to the injury complained of; that said railroad track and the line along and adjacent to said line of high voltage wires were on said day and for many months prior thereto had been used by the public as a way for traveling in going from the southeastern part of the city to the neighborhood of Davis Gardens, on Seventh street, which route had been so used continuously by a large number of persons living in that vicinity in going to and fro along said lines, with the knowledge of appellant;

MAY TERM, 1923.      19

Terre Haute, etc., Traction Co. *v.* Sanders—80 Ind. App. 16.

*"that by reason of said high voltage wires being so neg-ligently and carelessly constructed and maintained in close proximity to said large number of other wires in their loose, weak, broken, and unsafe condition, as afore-said, caused and made such traveling way to be and be-come exceedingly dangerous for the traveling public,"* which condition had existed for many months prior to said day with the knowledge of appellant; that appel-lant *"had carelessly and negligently allowed and permit-ted its said wires as aforesaid, to become loose, old, rot-ten and unsafe, and had allowed and permitted the insulation thereof to become old, worn, loose, and off of said wires,"* which condition had existed for a long time; that about 4 p. m. on March 9, 1918, one of said wires, by reason of its old, decayed, loose, and unsafe condi-tion, caused by the negligence of the defendant company as aforesaid, broke and became loose from its fastenings on the poles to which it was attached, "which said break-ing was at a point in a southeasterly direction from said intersection of said Third street with Voorhees street and at about the point of intersection of the continuation south of South Fifth street in said city, continued south to the said railroad right-of-way, and at a point near a small shack or building on the southwest and adjacent to said railroad tracks, the same being at or near the north end of a certain gravel pit located on the south and west and near to said railroad right of way, one end of which said wire so loose and broken fell to the ground," and which wire was at that time highly charged with electricity and was kept so charged by appellant; that appellant on the evening of March 9, 1918, had notice and knowledge that said high voltage wire so charged was broken and hanging to the ground, and had knowledge of the danger of injury to any per-son passing along said way and who might come in contact therewith, and that appellant could by the exer-

cise of reasonable care have known about the condition of said wire in time to have prevented the death of appellee's son; that, notwithstanding said negligence of appellant in knowing and permitting said high voltage wire to be and become old, weak, decayed, and unsafe, and with knowledge of such condition, appellant carelessly and negligently permitted said wire to be and continue to be, after it had fallen, in said dangerous condition until about 4 p. m. of March 10, 1918, at which time appellee's son, George Sanders, aged thirteen, together with two other companions under the age of thirteen, were going along said way and saw said wire with one end hanging to the ground, and not knowing and appreciating the danger, said George Sanders took hold of said wire and received an electric shock which killed him; that said death was caused by the "*carelessness and negligence of the defendant company aforesaid, in so negligently and carelessly constructing said wires, and allowing and permitting its said high voltage wire, so highly charged as aforesaid, to become old, weak, rotten, and the insulation to become old, decayed, and torn loose therefrom as aforesaid, and said injury and death was caused by the carelessness and negligence of the defendant company in allowing and permitting the said wire to be and remain down and hanging near the ground for a long period of time so heavily charged, with full knowledge thereof as aforesaid, and where said defendant company, by the exercise of reasonable care could have known of said dangerous condition long enough prior to the injury to have repaired said wire and prevented the same,*" and that appellee was by reason of said death, "*so caused by the wrongful and negligent acts of the defendant company, as aforesaid, deprived of the services of said child,*" for which judgment was demanded.

Appellant filed a motion asking that the complaint be

made more specific: (1) by setting out specifically the location of the wire which was alleged to be hanging down; (2) by stating specifically the nature and character of the ground on the railroad right of way at the place where the wire was down; (3) by describing the condition of the ground around the wires at the place where the wire was down; and (4) by making the several parts of the complaint heretofore quoted and italicized more specific, by setting out the facts upon which the conclusions of negligence and duty are based.

This motion was overruled, after which appellant filed a demurrer for want of facts, which was also overruled. The cause being put at issue by an answer of general denial, there was a trial by jury which resulted in a verdict and judgment for appellee.

In so far as the first specification in the motion to make the complaint more specific is concerned, we are of the opinion that the location of the place where the wire was down is stated with sufficient certainty. The nature, character, and conditions of the ground on the railroad right of way and around the place where the wire was down, as called for in the second and third specifications, are not, in our judgment, of sufficient importance to call for any discussion, and appellant has failed to state any good reason why the complaint should have been made more specific in that regard.

Referring now to the parts of the complaint which we have italicized, there are sufficient facts alleged, when read in connection with other parts of the complaint therein referred to, to sustain the conclusions of fact relative to negligence, and, in any event, the acts of negligence charged as being the cause of the death of appellee's son, and the gist of the complaint is that appellant, with notice and knowledge that the high voltage wire carrying a dangerous current

of electricity was broken and hanging to the ground and that appellant with knowledge of such facts and of the danger to people passing along the place where the wire was down, and with knowledge of such condition long enough to have repaired said wire, failed to do so and permitted it to remain in that condition for a period of twenty-four hours, when, by the exercise of reasonable care, it could have repaired said wire and prevented the injury. Appellant has wholly failed to point out where or how it was injured by reason of the action of the court in overruling this motion. Before a cause will be reversed on account of the overruling of a motion to make a pleading more specific it is necessary that the mover show that he was in some way injured by the ruling of which complaint is made. *Central, etc., R. Co.* v. *Davis* (1922), 78 Ind. App. 341, 132 N. E. 611. There was no error in overruling this motion.

In support of the contention that the court erred in overruling the demurrer to the complaint, appellant contends that no facts have been pleaded showing that the decedent had any right to be where he was when injured and that the conditions which caused his death existed at the time when he began using the alleged way; that no facts are alleged showing that appellant violated any duty in allowing the wire to be down. The duty which the owner of property owes to third parties was fully discussed in *Cleveland, etc., R. Co.* v. *Means* (1914), 59 Ind. App. 383, 104 N. E. 785, 108 N. E. 375, and on the authority of that case we hold that the demurrer to the complaint was properly overruled. Had the motion to make the complaint more specific been improperly overruled to the prejudice of appellant a different question would be presented. That was the situation in *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740, cited by appellant.

Appellant contends that the verdict is not sustained

MAY TERM, 1923.          23

Terre Haute, etc., Traction Co. *v.* Sanders—80 Ind. App. 16.

by sufficient evidence.   In support of this contention appellant insists that appellee's son had no right to be on the railroad right of way where the electric wire was down, and that it owed him no duty except to refrain from setting a trap for him, and from intentionally or wantonly injuring him.   Appellant assumes that the boy was a trespasser.   This assumption is not warranted by the evidence.   The evidence is ample to sustain a finding that the boy when killed was on the property of the railroad as a licensee of the railroad company and not as a trespasser, even as to the railroad company.

Generally speaking, it may be said that a licensee takes the premises as he finds them with all their risks and dangers, and the owner of the premises owes

4.   him no duty of making any active effort to discover his presence, but, if the owner discovers his presence and sees him in a situation of peril, he may not do an affirmative act which might reasonably be expected to increase the peril.

The accident occurred on the property of the railroad company at a place which the public for years had been in the habit of using as a way for travel.   Appellant was a licensee of the railroad company,

5.   and as such had strung a number of electric wires on poles along the railroad right of way.   When appellant secured its license to use the right of way, the same was and for years had been used by the public as a way for travel to the extent that there was a well-defined footpath near the point where appellant erected its poles and strung its wire.   Appellant was chargeable with notice that this footpath was being used by the public, and was required to so use its property as not to negligently injure any one using such footpath as a licensee of the railroad company.   *Boyd* v. *Portland Electric Co.* (1901), 40 Ore. 126, 66 Pac. 576, 57 L. R. A. 619.

Where an electric company maintains a wire across the premises of a third person in such a location that persons may come in contact therewith and receive injury, its duty is practically the same as though the wire was maintained in a public way. Curtis, Law of Electricity §415.

Appellant was required to use reasonable care to maintain its wires so as not to interfere with the safe use of the railroad right of way by appellee's son and all those accustomed to travel the footpath.

When a defendant owes a duty to a plaintiff to use due care, and an accident happens causing an injury, and the accident is caused by a thing or instrumentality that is under the management or control of the defendant, and the accident is such that in the ordinary course of things it would not occur if those who have the management and control use proper care, then in the absence of evidence to the contrary, this would be evidence that the accident occurred from the want of proper care. In such a case the happening of the accident from which the injury results is *prima facie* evidence of negligence. This rule applies to electric companies in the control and management of their wires since they have almost exclusive knowledge of the facts relative thereto. *Southwestern Tel., etc., Co.* v. *Bruce* (1909), 89 Ark. 581, 117 S. W. 564; *Boyd* v. *Portland Electric Co., supra.*

As was said in *Van Winkle* v. *American Steam Boiler Co.* (1889), 52 N. J. Law 240, 19 Atl. 472: "The law hedges round the lives and persons of men with much more care than it employs when guarding their property, so that, in this particular, it makes, in a way, every one his brother's keeper, and, therefore, it may well be doubted, whether in any supposable case redress should be withheld from an innocent person who has sustained immediate damage by the neglect of another

in doing an act which, if carelessly done, threatens, in a high degree, one or more persons with death or great bodily harm. Such misfeasances, if they result fatally, are indictable crimes. Where they inflict particular damage upon individuals they should, it is conceived, be actionable. There are many decisions that appear to rest on this basis."

Even if it be held that the boy was a licensee of appellant, appellant had no right to create a new danger while the license continued. It may be conceded as contended for by appellant that a mere licensee goes upon the lands of the licensor at his own risk and takes the premises as he finds them, but the licensor has, however, no right to create a new danger while the license continues. *Stevens* v. *Nichols* (1891), 155 Mass. 472, 29 N. E. 1150, 15 L. R. A. 459.

In *Daltry* v. *Electric Light, etc., Co.* (1904), 208 Pa. 403, 57 Atl. 833, the court, in discussing this question, said: "The danger lay not in the wire, but in the 'subtle fluid' sent through it by the defendant company. It was not the wire that injured the boy, but the electric *current which it bore from the defendant's dynamo.* The use of the wire by the defendant, and not the wire itself, caused the injury to the child.  *  *  *  Conceding that the owner of the property owed no duty of care to either, the parties themselves, however, occupied the same relative position towards him, but an entirely different position towards each other, which required that each should exercise towards the other the care demanded by the circumstances. Assuming then, as we must assume, that the defendant company was in possession of, and using, the wire for the purpose of transmitting its electric current, and that as against it the boy was not a trespasser, its duty to the children at the place and time of the accident was to exercise such care over the wire as was demanded by the great danger

to which they were exposed.   Having constructed the
line across the lawn to the house in proximity to the
carriageway, it knew that children as well as adults
might frequent the way and, hence, the necessity for
keeping its wires in proper condition and repair to avoid
danger.   It must be presumed that the company also
knew what the evidence disclosed as a fact that children
used the lawn of the premises near the gateway and in
the vicinity of the wire as well as the street in front of
the premises as a playground.   Such conditions existed
for a sufficient length of time to warrant the infer-
ence of notice to the company."

Appellee's son was violating no right of possession
of appellant, so as to make him a trespasser.   The test
of a defendant's liability to a particular person is
7.   whether injury to him ought to have been antici-
pated.  *Barnett* v. *Atlantic City Electric Co.*
(1914), 87 N. J. Law 29, 93 Atl. 108; *Coyne* v. *Penna.
R. Co.* (1914), 87 N. J. Law 257, 93 Atl. 595; *Birming-
ham, etc., Co.* v. *Cockrum* (1912), 179 Ala. 372, 60 So.
304; *Southwestern Tel., etc., Co.* v. *Bruce, supra;
Sughrue* v. *Booth* (1918), 231 Mass. 538, 121 N. E. 432.

It is the duty of one licensee to use reasonable care
not to injure other licensees.   *Duel* v. *Mansfield
8.   Plumbing Co.* (1914), 86 N. J. Law 582, 92
Atl. 367.

In *Meyer* v. *Menominee, etc., Co.* (1912), 151 Wis.
279, 138 N. W. 1008, a fourteen year old boy while play-
ing on a lumber pile came in contact with an electric
wire and was killed.   In answer to the contention that
the boy was a trespasser, the court said:   "But whether
deceased in the instant case was a bare licensee or in-
vitee when upon the lumber pile, if defendant knew or
ought to have known that boys of his age were accus-
tomed to be there, it was chargeable with due care in
the management of its poles, wires, and current so as

MAY TERM, 1923. 27

Terre Haute, etc., Traction Co. *v.* Sanders—80 Ind. App. 16.

to protect children and others who might be expected to be there from injury, and was bound to anticipate that some injury might result to some one in consequence of the location and condition of the wires." Many authorities are cited in support of this statement.

As was said in *Harriman* v. *Railway Company* (1887), 45 Ohio St. 11, 4 Am. St. 507, 12 N. E. 451: "Hence, where a railroad company has for a long time permitted the public, including children, to travel and pass habitually over its road, at a given point, without objection or hinderance, it should in the operation of its trains, and management of its road, so long as it acquiesces in such use, be held to anticipate the continuance thereof; and is bound to exercise care accordingly, having due regard to such probable use, and proportioned to the probable danger to persons so using its road; and it is negligence for the servants of such company to knowingly interpose any new danger without reasonable precaution against injury therefrom." See, also, *Railroad Co.* v. *Harvey* (1907), 77 Ohio St. 235, 83 N. E. 66, 19 L. R. A. (N. S.) 1136, 122 Am. St. 503, 11 Ann. Cas. 981; *Cleveland, etc., R. Co.* v. *Means, supra; Penso* v. *McCormick* (1890), 125 Ind. 116, 25 N. E. 156, 21 Am. St. 211, 9 L. R. A. 313; *Graves* v. *Thomas* (1884), 95 Ind. 361, 48 Am. Rep. 727.

In *Guinn* v. *Delaware, etc., Tel. Co.* (1905), 72 N. J. Law 276, 62 Atl. 412, 3 L. R. A. (N. S.) 988, 111 Am. St. 668, a thirteen year old boy came in contact with a guy wire charged with electricity and was killed. The accident was caused by the guy wire breaking and falling on an electric light wire of another company. The broken end fell in the grass in a field across which people were accustomed to travel without objection from the owner. It was contended there, as here, that the defendant was under no duty to the boy for the reason that he was a trespasser or at best a licensee.

In holding the defendant liable for the boy's death the court said: "The liability of the defendant rests upon the fact that it was maintaining wires which might become charged with a deadly current of electricity. * * * The duty to exercise care is established as to travelers upon the highway and employes of the defendant or of another company who in the exercise of their rights are likely to come in contact with the wires, and of persons who are lawfully in a place of proximity to the wires. The question presented in this case is whether the duty exists also as to third persons who are not at the time in the exercise of any legal right. The principle underlying the case is stated by Chief Justice Beasley, in *Van Winkle* v. *American Steam Boiler Co.*, 23 Vroom 240 (at p. 247), to be that in all cases in which any person undertakes the performance of an act which, if not done with care and skill, will be highly dangerous to the persons or lives of one or more persons, known or unknown, the law, *ipso facto*, imposes as a public duty the obligation to exercise such care and skill. The test of the defendant's liability to a particular person is whether injury to him ought reasonably to have been anticipated. In the present case the guy wire was stretched over an open field, across which people were accustomed to travel without objection by the landowner. The adjoining field was used as a ball ground. It was probable that if the guy wire broke someone crossing the field would come in contact with it. That whoever did so was a trespasser or a bare licensee as against the landowner cannot avail the defendant. If a bare licensee, he would still be there lawfully. If a trespasser, his wrong would be to the landowner alone, not a public wrong nor a wrong to the defendant." To the same effect see *Boutlier* v. *Malden* (1916), 226 Mass. 479, 116 N. E. 251, Ann. Cas. 1918C 910.

It was held by this court, and approved by the supreme court on petition to transfer, in *Fort Wayne, etc., Traction Co.* v. *Stark* (1920), 74 Ind. App. 669, 127 N. E. 460, that if an improperly insulated wire constructed through the branches of a small tree on private property was obviously dangerous to persons coming in contact therewith, and if the electric company should reasonably have anticipated that children in their play would climb into the tree, then the electric company is liable for injuries to a child climbing into the tree, though the child was a trespasser. See, also, *Cumberland Tel., etc., Co.* v. *Kranz* (1911), 48 Ind. App. 67, 95 N. E. 371, where it is said: "It makes no difference that appellee's horses were on private property when killed, and not in a public highway, for an electric company is liable for injuries occasioned on private property by its negligence, if the person or animal injured had a right to be on such private property, and owes to any and all persons rightfully on private property the duty of maintaining its wires in a reasonably safe condition."

We hold that the evidence is sufficient to sustain a finding that appellee's son, as against any claim of appellant, was rightfully on the railroad right of way at the time and place where he was killed, and that the verdict is sustained by ample evidence.

Appellant also contends that the court erred in giving and in refusing to give certain instructions. The court gave fifty-one instructions. Appellant tendered sixty-one instructions with the request that they be given. Forty-two of these were given, the rest refused. Appellee tendered nine instructions, all of which were given. It would unnecessarily lengthen this opinion to set out and discuss the several instructions. It suffices to say that the instructions given fully and correctly stated the law. Many of those tendered did not state

the law correctly, while the others were fully covered by those given. There was no reversible error in giving or in refusing to give any instructions about which complaint is made.

Judgment affirmed.